MARY S. WHITAKER (BIRD) v. ALLEN GILLIAM *et al.*

(Decided October 17, 1899.)

*Purchaser Pendente Lite—Notice.*

1. A purchaser of land, in litigation, is conclusively fixed with notice,
   and takes his conveyance from a party to the suit subject to
   the final adjudication—the right of appeal—petition to rehear
   —and in certain cases, a writ of error to the U. S. Supreme
   Court.

2. A motion to intervene as a party will be denied, when useless, or
   calculated to obstruct the course of justice.

MOTION to be made parties to this action pending in
Superior Court of BERTIE County, at Spring Term, 1899,
before *Hoke, J.,* by R. C. Bazemore and Francis D. Winston.
Motion denied, and they excepted, and appealed.

His Honor settled the case as follows:

This is a civil action tried at the Spring Term of Bertie
Superior Court in 1899, before *Hoke, J.,* upon the motion
of R. C. Bazemore and Francis D. Winston to be allowed to
become parties to the action.

The following are the facts upon which the motion was
made:

This is an action of ejectment brought in this court by
Mary Susan Bird, plaintiff, against the defendants Allen
Gilliam and Eliza Gilliam. At Spring Term, 1897, *Bryan,
J.,* rendered judgment that the plaintiff, Mary Susan
Bird, was not the owner of the land described in the complaint
and from that judgment the plaintiff, Mary Susan Bird,
appealed to the Supreme Court, and the appeal was heard in
the Supreme Court at the September Term, 1897, when same
reversed the judgment of *Bryan, J.,* and declared that
Mary Susan Bird was the owner of the land described in the

complaint, and that said opinion was rendered and certified down to the Superior Court of Bertie County on the first Monday in November, 1897, and R. C. Bazemore and Francis D. Winston read the opinion then and there on file in the office of the Superior Court Clerk of Bertie County; that the Supreme Court completed its labors and adjourned for the term in December, 1897, on the 15th day. That the Supreme Court met for its February Term on Tuesday, the 8th day of February, 1898, and the Superior Court of Bertie County convened in regular term on Monday, the 22nd day of February, 1898, at which term the plaintiff, Mary Susan Bird, moved for a judgment in accordance with the decree of the Supreme Court, and the defendants resisted the said motion, and filed their petition as allowed by sec. 473 of The Code of Civil Procedure, and asked for betterments and demanded that a jury be empanelled to assess the defendants' allowance for permanent improvements put upon the said land; that the Court refused plaintiff's motion for judgment, and granted defendants' motion, and directed that a jury be empanelled at Spring Term, 1898, as asked for, and to which judgment plaintiff noted an exception and appealed; that after the adjournment of the Superior Court of Bertie County, on February 26th, the defendants, on the 27th day of February, 1898, moved the Supreme Court, and filed their petition asking that the cause be reheard, and that on the 5th day of May, 1898, the Supreme Court granted the petition, and ordered a rehearing, which was had at the September Term, 1898, when the Supreme Court reversed its judgment and gave judgment affirming the judgment of *Bryan, J.,* declaring that the plaintiff owned no interest in the land, and that no notice was given of a motion to rehear the said cause in the Supreme Court until after February 22, 1898.

That at May Term, Superior Court Bertie County, before

Judge Hoke, R. C. Bazemore and Francis D. Winston filed an affidavit duly verified, alleging that on the 29th day of December, 1897, they had purchased of plaintiffs for valuable consideration, the land described in pleadings, and took a deed from said plaintiffs, and that said deed was duly registered in Bertie County, on January 5, 1898, and on such affidavit, at said May Term, 1899, moved the Court that they be allowed to become parties-plaintiff to this action, and plead to same and assert and maintain their right to said land under said deed. The motion was denied. Appellants excepting, took an appeal in open court. Notice waived, and appeal bond fixed at $25. The above is settled as case on appeal to Supreme Court from this court, counsel having disagreed and waived their right to be present.

W. A. HOKE,
*Judge Presiding.*

Mr. *F. D. Winston*, for appellant.
Mr. *R. B. Peebles*, for appellees.

CLARK, J. When this case was first heard, 121 N. C., 326, it was decided in favor of the plaintiff. On rehearing this judgment was reversed, 123 N. C., 63. After the first judgment of this Court, and before the expiration of the time within which the application for rehearing could be filed, the plaintiff sold the land to the petitioners. Upon the going down of the certificate of the last opinion, the petitioners filed an affidavit, that they had purchased for value and without notice, and asked to be let in to assert their rights. The motion was denied.

In a proper case, additional parties can be made, even after judgment, Code, sec. 273, but certainly it is useless when the grounds fully appear and can be adjudicated upon the motion, for none of their allegations are denied. Indeed, it appears

the petitioners took their deed before the petition to rehear was filed, and therefore without notice of a rehearing; but they had notice by law of the fact that the rehearing could be applied for at any time till after the expiration of the first 20 days of the next term of the Supreme Court, and took the rights of the plaintiff—no more—which were subject to further review by a rehearing. No entry of *lis pendens*, under Code, sec. 229, is required in any case when the action is in the county where the land lies. *Collingwood v. Brown*, 106 N. C., 362; *Arrington v. Arrington*, 114 N. C., 156.

A party recovers a tract of land in the Superior Court. It is final unless appealed from, but the defendant has ten days after the adjournment of court in which to appeal. One who, relying upon the judgment of the Superior Court, takes a conveyance from the successful party before the expiration of the ten days, takes it subject to the right of appeal and of the judgment which may be entered therein; and he is conclusively fixed with notice of the litigation. *Rollins v. Henry*, 78 N. C., 342; *Dancy v. Duncan*, 96 N. C., 111. If a judgment is entered in this Court in certain cases a writ of error may be sued out to the United States Supreme Court in two years. The assignee of the judgment in such case takes subject to the action of the higher tribunal. A rehearing by this Court is in the nature of an appeal from this Court to itself. The Code, sec. 966, prescribes that it may be entered at any time before the expiration of the first 20 days of the next succeeding term. While it has been held that under the present Constitution (Article I, sec. 8), the Supreme Judicial Power being independent of the other departments, the Legislature can not prescribe rules of practice for this Court. (*Herndon v. Insurance Co.*, 111 N. C., 384; *Horton v. Green*, 104 N. C., 400); yet this Court, under the power to prescribe and regulate its own methods of procedure and practice, has

copied, almost *verbatim,* the provisions of The Code, sec. 966, in its Rule 52, 119 N. C., 950.

It was the petitioners' own fault that they took a conveyance of the plaintiff's recovery before the expiration of the period within which an application to rehear could be filed. If, by so doing, the rights of petitioners to rehear could be defeated, the relief intended to be given by such reviews of the action of the Court, would be almost, if not altogether, denied, by the anticipatory promptness of any party who might be affected by such reviews. It can make no difference that petitions to rehear are now, as appeals from the Superior Court formerly were, matters of grant and not of right. The effect upon the right of all parties when granted is the same.

No error.