### WILLIAM E. WORTH v. KNICKERBOCKER TRUST COMPANY ET AL.

·(Filed March 31, 1910.)

**1. Pleadings—Demurrer—Misjoinder—Parties.**

When the complaint sufficiently alleges that the plaintiff was induced by defendants' fraudulent representations as to certain facts and concealment of others, to subscribe to the stock of a corporation to be formed for certain specified purposes; that he had paid in a material part of his subscription, the balance to be paid in certain amounts upon notice, and that, without plaintiff's knowledge, by the forming of an unlawful combination the corporation was being dominated and controlled by the defendants to their own personal advantage and profit and to the destruction or serious impairment of plaintiff's subscription therein, with averment that the defendants either originally or afterwards knowingly entered upon the scheme and enterprise complained of as partners therein, a demurrer for improper joinder of parties is bad.

**2. Pleadings—Demurrer—Misjoinder—Causes—Cancellation of Contract—Damages.**

And when the complaint states two causes of action growing out of the injuries to plaintiff's interest in the corporation caused by this unlawful combination, the first asking that plaintiff's agreement to take the stock be delivered up and canceled, and the second for damages arising by the way of profits lost to the plaintiff, both by reason of defendants' breach of contract, a demurrer on the ground of inconsistency of the two causes of action is bad, as both proceed upon the theory of the disaffirmance of the contract, leaving the rule for the admeasurement of damages to be laid down by the trial judge in case a cause of action is therein established in plaintiff's favor, and on the facts as they may properly develop.

**3. Pleadings—Demurrer—Unnecessary Parties—Procedure.**

The joinder of unnecessary parties plaintiff or defendant is not good cause for demurrer, the remedy being by motion to strike out unnecessary parties, or the question may be dealt with in making disposition of the cost; and hence, in an action to annul a contract for the purchase of stock in a corporation by reason of fraud or conspiracy, or the forming of an unlawful combination by the principal defendants against the rights of plaintiff, and to his substantial injury, the joinder of others as parties defendant by reason of an indebtedness to them alleged and levied on, owed by the principal defendants, is an irregularity, and a demurrer on that account is bad.

**4. Injunction—Federal Court—Jurisdiction—Lower Court—Procedure.**

A motion made by plaintiff in the Supreme Court on appeal to restrain the prosecution of an action brought by a defendant in the Federal Court upon the same subject-matter, will not be

·considered, the cause for the purpose of motions of this character remaining in the lower court, and the relief should be sought there.

BROWN, J., dissenting; WALKER, J., concurring in the dissenting opinion.

APPEAL from *O. H. Allen, J.,* at December Term, 1909, of NEW HANOVER.

Civil action heard on general demurrer to complaint. There was judgment overruling the demurrers and allowing the defendants to answer, and some of the defendants excepted and appealed.

*E. K. Bryan* and *J. D. Bellamy* for plaintiff.
*Davis & Davis* for defendant.

HOKE, J. This cause was before us on appeal at the last term, from an order denying a motion by defendants to discharge all attachment and to dismiss the action. On that appeal the Court held that a cause of action was stated in the affidavits, and one in which an attachment would lie. See 151 N. C., 192. The opinion having been certified down and the complaint formally filed, some of the principal defendants filed general demurrers thereto, assigning for cause that there was a misjoinder of causes of action, and a misjoinder also as to the principal parties defendant therein; but the Court is of opinion that neither position can be sustained.

The complaint professes to state two causes of action. In the first: That by reason of misrepresentation of certain material facts, and concealment of others, plaintiff was induced to subscribe $45,000 to an undertaking to develop certain water-powers on the Yadkin River, and by means of a corporation to be formed under the style and title of The Rockingham Power Company, and had paid $9,000 on his said subscription, the remainder to be payable on specified notice; that at the time of the subscription so obtained, and without plaintiff's knowledge, some of the principal defendants had formed a voting trust, forbidden by the law, to dominate and control the management and business affairs of the company, and had "succeeded in obtaining and exercising such influence and control over the company's affairs, and that these three principal defendants wrongfully formed a combination and conspiracy by means of this unlawful voting trust and otherwise to exploit the enterprise for their own personal advantage and profit and to the injury of plaintiff as subscriber in said company; and that the fourth principal defendant, the Knickerbocker Trust Company,

had been a member of this unlawful combination and conspiracy originally, or had entered upon it afterwards, and knowingly participated in its plans and purposes"; and that said defendants, in pursuance of this unlawful scheme and purpose, had succeeded in rendering The Rockingham Power Company insolvent, to the destruction or serious impairment of plaintiff's subscription and interest therein.    (See fuller statement in former appeal.)

The latter portion of the complaint, styled a second cause of action, reaffirms, in substance, the same state of facts, and contains an averment: "That by reason of the wrongful and unlawful conduct of the said defendants, plaintiff has a right to treat the said contract as broken, and have said agreement delivered up and canceled," etc.

There were allegations in both the first and second causes of action, that all of the principal defendants had taken part in the wrongful and unlawful conduct, either originally or had entered upon it afterwards, and knowingly aided and abetted the combination and scheme complained of.    Further allegation is added that said principal defendants were partners in the scheme and enterprise complained of.    It will be noted that the alleged two causes of action grow out of the same transaction, and that they both affect the interest of all the principal parties defendant, and, when this is true, our decisions are to the effect that the joinder of the two is permissible and proper. *Howell v. Fuller,* 151 N. C., 315; *Hawk v. Lumber Co.,* 145 N. C., 48; *Fisher v. Trust Co.,* 138 N. C., 224; *King v. Farmer,* 88 N. C., 22; *Young v. Young,* 81 N. C., 91.

Even if the two causes of action were to some extent inconsistent, there is authority to the effect that the complaint is not always on that account demurrable.    *Hardin v. Boyd,* 113 U. S., 756.

In that case *Associate Justice Harlan,* speaking to the question presented on facts not dissimilar, said: "It is a well-settled rule that the complainant, if not certain as to the specific relief to which he is entitled, may frame his prayer in the alternative, so that if one kind of relief is denied, another may be granted; the relief, of each kind, being consistent with the case made by the bill.    *Terry v. Rosell,* 32 Ark., 478; *Colton v. Ross,* 2 Paige, 396; *Lloyd v. Brewster,* 4 Paige, 537, 540; *Lingan v. Henderson,* 1 Bland, 236, 252; *Memphis v. Clark,* 1 Sm. and Marsh, 221, 236.    Under the liberal rules of chancery practice which now obtains, there is no sound reason why the original bill in this case might not have been framed with a prayer for the cancellation of the contract upon the ground of fraud, and

an accounting between the parties, and, in the alternative, for a decree which, without disturbing the contract, would give a lien on the lands for unpaid purchase money. The matters in question arose out of one transaction, and were so directly connected with each other that they could well have been incorporated in one suit involving the determination of the rights of the parties with respect to the lands. The amendment had no other effect than to make the bill read just as it might have been originally prepared consistently with the established rules of equity practice."

According to our view, however, the two causes of action are not inconsistent, both proceeding as they do on the theory of a disaffirmance of the contract. The fact that in the prayer for relief damages are demanded, that is, profits lost by reason of the breach, does not affect the statement of the cause of action as embodied in the complaint. The proper rule as to the admeasurement of damages is to be laid down by the trial judge in case a cause of action is established in plaintiff's favor, and on the facts as they may be then developed, and as stated in the complaint. Nor is the demurrer for misjoinder of parties borne out by the facts. A perusal of the complaint will disclose that responsibility for the wrongful conduct complained of is alleged against all of the principal defendants, and, therefore, this position taken in the demurrer in this respect cannot be sustained.

It will be observed that we speak throughout of the principal defendants, and for the reason that there are several parties defendant whose only interest in this litigation, so far as now appears, arises from the fact that an indebtedness from them to some of the principal defendants has been levied on by an attachment issued in the cause, and they have, it seems, for this reason alone been named in the summons, and served with original process. This is irregular, but our decisions are to the effect that the joinder of unnecessary parties plaintiff or defendant is not good cause for demurrer. "That there is a defect of parties plaintiff or defendant" is the language of our statute, and numerous decisions with us have given the interpretation that the joinder of *too many parties* does not come within the statute. See Clark's Code, 3d Ed., pp. 209-215, and authorities cited.

The remedy is by motion to strike out the unnecessary parties, or it may be dealt with in making disposition of the costs.

Plaintiff moves in this Court for an order restraining the defendant, the Knickerbocker Trust Company, from prosecuting an action instituted by that corporation against the plaintiff, in

the United States Circuit Court for the Eastern District of North Carolina, on 28 January, 1910, to recover the balance alleged to be due on the subscription of plaintiff to the enterprise afterwards known as The Rockingham Power Company, referred to and made the subject-matter of litigation in the suit at bar.

Without discussion of the right of a court having, and having first acquired, jurisdiction of a cause and the parties, to protect the integrity of the procedure by orders operating *in personam* on the parties litigant, we deem it best only to say that, according to our decisions, and on the facts presented in this case, the cause for the purposes of motions of this character remains in the court below, and the plaintiff must proceed there to obtain the relief to which he may be entitled. *Herring v. Pugh,* 126 N. C., 852. The motion referred to will, therefore, be dismissed without prejudice.

We have had great doubt if the allegations of the complaint as against the Knickerbocker Trust Company are sufficiently definite to constitute a cause of action against that company, but as it is said to be a part of the land syndicate in one portion of the complaint and in another that it had aided and furthered the schemes and plans of its principal codefendants, and again that it is in partnership with such defendants, we have concluded on these allegations, while they are not very precise or direct, to overrule the demurrer as to that company also, and let the cause come to an issue as between the principal parties litigant.

There was no error in overruling the demurrer and allowing defendants to answer over.

Affirmed.

BROWN, J. I am of opinion that the Court should order a repleader in this case and that the plaintiff should be required to set out in a plain and concise manner the only cause of action attempted to be set out in the complaint.

Eliminating unnecessary allegations, and much that is evidential, the only cause of action set out in the complaint is based upon the theory that the plaintiff was induced by false and fraudulent representations of certain of the defendants to subscribe to the stocks and bonds of the power company.

The facts upon which plaintiffs base this charge should be succinctly stated. *Mottu v. Davis,* 151 N. C., 237.

As the complaint contains a defective statement of a cause of action, I think there should be a repleader.

As to those defendants, Mrs. Bridgers and others, who are "garnisheed in attachment" and have no interest in the controversy, they have been improperly made parties defendant and should be eliminated.

Mr. Justice WALKER concurs in this opinion.