## SHUFELDT *et al.* v. JEFCOAT *et al.*

No. 4880. Opinion Filed August 3, 1915.

Rehearing Denied September 7, 1915.

(151 Pac. 595.)

1.  **APPEAL AND ERROR** — Review — Instructions — Equitable Action. Where a jury is impaneled in an action of purely equitable cognizance to aid the court in finding the facts, the finding of the jury being merely advisory, the giving or refusing instructions cannot be assigned as error in this court.

2.  **JUDGMENT—Conclusiveness of Adjudication—Dismissal Without Prejudice.** Where plaintiff is allowed by the court to dismiss the action without prejudice pending a ruling on a demurrer to the evidence, or pending the decision on a motion for an instructed verdict, such order is not **res judicata,** and does not bar another action on the same cause of action.

3.  **APPEARANCE** — "General Appearance". — What Constitutes. Where a defendant appears specially and objects to the jurisdiction of the court by reason of defective service of summons. and his motion to quash the service is denied, he may file his answer and proceed with the trial, and this will not be held a general appearance; but where, in his answer, he asks for affirmative relief, it is a general appearance, and he thereby waives all objections to the service of the summons, and subjects himself to the jurisdiction of the court for all purposes.

4.  **LIS PENDENS—Notice of Action—"Purchaser Pendente Lite."** A purchaser **pendente lite** of property actually in litigation, for value and without actual notice in fact, takes with notice of the action. So, where an action was instituted in March, 1910, but

no summons was issued until July 19, 1910, and the purchaser acquired his title on July 26, 1910, after the summons was issued, **held,** that he is a "purchaser **pendente lite,**" and such action is notice to him.

5. **SAME.** Where, under the above facts, the action was dismissed by the plaintiff without prejudice in September, 1911, and a new action for the same cause of action was instituted in November, 1911, **held,** there being no unreasonable delay in bringing the second action, and the condition of the purchaser not having changed in any respect, the benefit of the notice of the first action is not lost.

(Syllabus by Devereux, C.)

*Error from District Court, Roger Mills County;*
*G. A. Brown, Judge.*

Action by Charles H. Jefcoat and another against George E. Shufeldt and others. Judgment for plaintiffs, and defendants bring error. Affirmed.

This was an action brought by Charles H. Jefcoat and Virginia Jefcoat, to cancel a deed executed by them to S. A. Lawrence, on the ground of fraud in obtaining the deed. The evidence shows that the defendant in error, S. A. Lawrence, approached Jefcoat with a proposition to purchase his farm for about $5,000 (the price is not material, and the figures are not intended to be accurate), which was accepted by Jefcoat; but when the trade was to be consummated Lawrence said that he did not have the cash at hand, but would return in ten days and pay the price. Upon this there was evidence tending to show that Grace, who was present, suggested that Lawrence give Jefcoat some security to assure the deal, whereupon Lawrence took from his pocket a note and mortgage on land in Missouri, and stated that he would assign it to Jefcoat to secure the trade, saying at the same time that he would not give the mortgage for the land, as the mortgage was worth a premium. Upon this,

Jefcoat and wife executed and delivered a deed to Lawrence, on the agreement that Lawrence would in ten days pay the $5,000 in cash, and the Missouri mortgage would then be returned to him. This deed was dated February 26, 1910, and on February 28, 1910, Lawrence conveyed to Shufeldt, and on July 27, 1910, Shufeldt conveyed to Getzelman. Some time in March, after Jefcoat had delivered the deed to Lawrence, he became suspicious, and began to inquire as to the value of the Missouri note and mortgage. There was evidence tending to show that, after searching for him in Missouri, the mortgagor could not be found, although the records showed the legal title to the land embraced in the mortgage left by Lawrence with Jefcoat was in the mortgagor, but that the land was practically valueless. It further appears that on March 12, 1910, Jefcoat instituted an action in the district court of the county wherein the land was located to have the deed from himself to Lawrence canceled on the ground of fraud; but no summons was issued in this action until July 19, 1910, and on September 6, 1911, this action was dismissed by the following order:

"After plaintiff introduced his evidence and rested, he was granted leave to amend his petition, and did so by interlineation, and after defendant's motion for peremptory instruction to the jury to return a verdict for defendants the plaintiff asked leave and was permitted by the court to dismiss his action without prejudice, which was done, and the jury discharged, to which the defendants excepted."

From another part of the record it appears that after the plaintiffs rested the defendants demurred to the evidence, and the court granted plaintiffs leave to take a nonsuit, and the jury was discharged. These

orders are pleaded by the defendants as *res judicata*. It also appears that the defendant Getzelman is a nonresident. Service was obtained on him by publication. A special appearance was entered for him, and a motion to quash the service by publication was made, on the ground that the affidavit for publication, and the publication notice, were insufficient in substance and form. This motion was overruled, and exception saved; but it is not material to set out the facts on this point more fully, as the defendant, Getzelman, afterwards answered, asking for affirmative relief. There was much evidence on the part of the defendants contradicting the evidence of the plaintiffs, but in view of the findings of the jury, which were adopted by the court below, it is not material to set it out. There was a verdict for the plaintiffs, on which the court rendered judgment for them, and the defendants bring the case to this court by petition in error and case-made.

D. W. *Tracy* and R. J. *Shive,* for plaintiffs in error.

E. L. *Mitchell,* for defendants in error.

Opinion by DEVEREUX, C. (after stating the facts as above). The case-made shows that the defendants presented to the court a number of instructions to the jury, which were refused, and exceptions saved, and also a number of exceptions to the charges as given; but this case was one of purely equitable cognizance, and in such case, as the verdict of the jury is only advisory and not binding on the court, no such errors can be reviewed by this court. In *Success Realty Co. v. Trowbridge, ante,* p. 402, it is held:

"Where a jury is impaneled in a case purely of equitable cognizance to aid the court in finding the facts, the

finding of such jury being merely advisory, the giving or refusal to give certain instructions, regardless of whether or not such instructions given or refused correctly state the law, cannot, on appeal to this court, properly be assigned as errors."

It is next contended that the judgment of September 6, 1911, is *res judicata.* It appears that the dismissal was without prejudice, and by leave of court, before any verdict was returned, or ruling had on the demurrer to the evidence, and we think it obvious that this judgment was not *res judicata.* Rev. Laws 1910, sec. 5125. In *Schafer v. Weaver,* 20 Kan. 294, it is held:

"The district court, after sustaining a demurrer to evidence interposed by the defendant, and before rendering any judgment thereon, may in its discretion allow the plaintiff to dismiss his action without prejudice."

This case was a construction of our statute before we adopted it from Kansas, and goes much further than it is necessary for a decision of the question before us, for in the case at bar the court had made no ruling on the demurrer to the evidence, or, if we take the other order, the dismissal was allowed before the case was submitted to the jury.

The next question raised is that the court erred in not sustaining the motion to quash the service as to Getzelman. Whatever merit there may have been in this motion, the defendant Getzelman has waived it by asking for affirmative relief in his answer in which he alleges that he is the legal and equitable owner of the land; that the plaintiffs have held possession thereof at all times since the beginning of the year 1911, and refused to deliver possession, and that the plaintiffs unlawfully keep him out of possession; that the rental value of the land

is $500 per year; and prays judgment for the possession of the land and $1,000 damages. The defendant does not entitle this a cross-petition; but he sets up facts upon which he claims affirmative relief, and this is in effect a cross-petition. See *Brown v. Massey,* 19 Okla. 482, 92 Pac. 246. The very question here presented has been decided adversely to the contention of plaintiffs in error in *Austin Mfg. Co. v. Hunter,* 16 Okla. 86, 86 Pac. 293, where it is held:

"Where one appears specially and objects to the jurisdiction of the court over his person, by reason of defective service of summons, and his objections are overruled, he may file his answer and proceed to trial, and he will not be deemed to have entered a general appearance by reason thereof, if his objections are meritorious. *Chicago Building & Mfg. Co. v. Kirby,* 10 Okla. 730, 63 Pac. 966; *Jones v. Chicago Building & Mfg. Co.,* 10 Okla. 629 [64 Pac. 7]. But where he, in addition to defending against the action of a plaintiff, files a cross-petition and asks for affirmative relief against the plaintiff, he thereby submits his person to the jurisdiction of the court for all purposes of the entire action, and thereby estops himself from questioning the jurisdiction of the court in the first instance."

The most important question in the case is as to whether Getzelman is a purchaser without notice. It appears that he was a nonresident of the state, and there is no evidence that he had any connection with the transaction until he bought the land on July 27, 1910; but it does appear that Jefcoat was in the continuous adverse possession of the land, and that at the time Getzelman bought there was an action pending in the district court of the county in which the land was located to set aside the deed of his grantor, Shufeldt, on the ground of

fraud. It is true that this action was filed in March, and no summons issued until July 19, 1911; but the summons had issued and the action was pending when Getzelman took his deed. Our statute (Rev. Laws 1910, sec. 4732) provides:

"When the petition has been filed, the action is pending, so as to charge third persons with notice of its pendency, and while pending no interest can be acquired by third persons in the subject-matter thereof as against the plaintiff's title; but such notice shall be of no avail unless the summons be served or the first publication made within sixty days after the filing of the petition."

The contention of the defendant Getzelman is that under this statute the suit was no notice to him, because the summons was not issued in 60 days from the filing of the petition. The object of this provision of the statute is plain. It was intended to prevent a claimant from filing a petition, not issuing any summons thereon, and thus keeping a perpetual cloud on the title to the land. But we do not think it applies to a case where, although the summons has not issued within the 60 days, it has actually issued when the purchaser acquires the land. There is no statute abating the action if the summons does not issue within 60 days; the only effect of the statute being that, if the summons does not issue within this time, it is not notice under the statute, but the reason of the rule ceases if at the time of the purchase summons has actually issued, as was done in the present case. In 1 Story, Eq. Juris., sec. 405, it is said:

"A purchase of property actually in litigation pendente lite, for a valuable consideration, and without any express or implied notice in point of fact, affects the purchaser in the same manner as if he had such notice; and he will accordingly be bound by the judgment in the suit."

What we have decided above does not conflict with *Wood v. French,* 39 Okla. 685, 136 Pac. 734, because in that case there was no action brought by the vendor, and pending when the purchaser took title. Does the fact that the action commenced in March, 1910, was dismissed in September, 1911, do away with its effect as notice? We think not. The first action was dismissed without prejudice in September, 1911, and the second one commenced in November, 1911. In 25 Cyc. 1471, it is said:

"If an action is dismissed, either voluntary or involuntary, under such circumstances as not to preclude another action, but without any reservation of the right to bring a new action, a person acquiring interests in the subject-matter of the litigation, before the commencement of the second action, is not bound thereby. On the other hand, if the judgment or decree of dismissal expressly reserves the right to another action, it would seem that the bringing of a new action continues the operation of the *lis pendens* created by the first action, so that the purchasers during its pendency may be deemed in the action to have purchased with notice thereof. At any event, if there is unreasonable delay in bringing a new action, the benefit of the *lis pendens* will be lost."

On consideration of the entire record, we are satisfied that the conclusion reached by the trial judge was right.

We therefore recommend that the judgment be affirmed.

By the Court: It is so ordered.