RUTHERFORD HOSPITAL v. THE FLORENCE MILLS.

(Filed 5 December, 1923.)

**Appeal and Error—Courts—Judgments—Jurisdiction—Pleadings—Cause of Action.**

The plaintiff has the right to have a judgment signed upon a verdict in his favor unless the judge sets aside the verdict; and upon the refusal of the trial judge to sign the judgment as a matter of law, an appeal will directly lie to the Supreme Court, in order that the judgment may be signed and the appeal upon the merits be proceeded with according to law.

APPEAL by plaintiff from *Ray, J.,* at August Term, 1923, of RUTHERFORD.

This was an action begun in the recorder's court and tried on appeal at August Term of the Superior Court of Rutherford.

One J. T. Powell, an employee of the defendant, had been seriously injured while in its service, and had been taken to the hospital of the plaintiff and there received medical, surgical and professional services, but died from said injuries. The complaint alleges that such services, including the treatment and nursing that the injuries required, amounted to $462, and alleged that the patient had been carried to the hospital by the defendant. The answer denied that it carried said Powell to the plaintiff's hospital or authorized any treatment, surgical or medical, for the said J. T. Powell. At the conclusion of the evidence the defendant, in apt time, moved for a judgment of nonsuit. Motion overruled, but the record does not show that the defendant excepted.

The jury answered the following issue submitted to it by the court: "Is the defendant indebted to the plaintiff, and if so, in what amount? Answer: '$462.'" The plaintiff then moved for judgment according to the verdict of the jury, and tendered judgment in favor of the

plaintiff and against the defendant for $462 and costs of the action, to be taxed by the clerk of the court. The court refused to sign the above judgment, and to refusal of the court the plaintiff excepted and appealed.

*Solomon Gallert for plaintiff.*
*Quinn, Hamrick & Harris for defendant.*

CLARK, C. J. The court, on refusing judgment upon the verdict, dictated the following record entry: "On the coming in of the verdict, the jury having answered the issues as shown in the record, and the court being of opinion that the plaintiff is not entitled to recover, refuses to sign judgment tendered by the plaintiff, as shown by the record, as a proposition of law, to which ruling the plaintiff excepts and gives notice of appeal to the Supreme Court."

There were other assignments of error by the plaintiff as to the admission of evidence and as to the refusal of prayers to charge, but as the verdict is in favor of the plaintiff we cannot notice them. Upon the verdict, which is unequivocal, the plaintiff was entitled to a judgment thereon.

The recital in the record, upon the return of a special verdict "that the court being of opinion, upon this state of facts, the defendant is not guilty, the verdict is so entered," is not such a judgment as will support an appeal. *S. v. Hazell,* 95 N. C., 624; *S. v. Nash,* 97 N. C., 516. And if there had been an appeal by defendant here it would therefore necessarily be dismissed and the cause remanded that a judgment might be imposed.

The verdict of the jury gives the successful party a right to have a judgment imposed thereon of which he cannot be deprived, except only when the court has no jurisdiction or the complaint did not state a cause of action, neither of which was the case here. In *R. R. Connection case,* 137 N. C., 21, it was held that "if the court reverses or affirms the judgment below, it may, in its discretion, enter a final judgment here or direct it to be so entered below. By preference, and as a matter of convenience, the latter of course is, unless in very exceptional cases, the course pursued," citing *Bernhardt v. Brown,* 118 N. C., 710, where the matter was fully discussed, and other cases.

The cause must be remanded to the court below with directions that the presiding judge shall enter the judgment for the plaintiff on the verdict, and the parties may then proceed as they may be advised. The court did not set aside the verdict as it had the power to do. If it had done so for error of law, the plaintiff might have appealed.

It is true the defendant might have appealed from the refusal of a nonsuit if judgment had been rendered for plaintiff, and there may. have been other grounds for an appeal, but no. appeal lay for the defendant unless judgment was entered against him, nor from refusal of nonsuit unless excepted to before verdict.

Litigation must be ended by a judgment. A case exactly in point is *Ferrell v. Hales,* 119 N. C., 212, where the Court said that when the verdict is recorded, judgment must be rendered upon the facts found by the jury, else "the matter would be forever suspended, like Mahomet's coffin.

> In Aladdin's tower
> Some unfinished window unfinished must remain.

Not so in legal proceedings which deal with matters of fact, not fancy." It was there held, as always, that while the judge could not at the next term set aside the verdict, it was his duty to enter judgment thereon. To the same purport *Taylor v. Ervin,* 119 N. C., 277, and many precedents, which were cited in both these cases.

The plaintiff, having a right to a judgment upon the face of the verdict, was entitled to come to this Court for an order directing it to be imposed. The appellant is entitled to recover the costs of the appeal.

Remanded.