W. J. SHUFORD, RECEIVER OF THE Y. & B. CORPORATION, v.
J. YARBROUGH ET AL.

(Filed 27 November, 1929.)

1. **Pleadings D b—Action will be dismissed for misjoinder of parties and causes, but will be divided where there is misjoinder of causes.**

    Upon demurrer, when it appears from the complaint that there is a misjoinder of both parties and causes of action, the action will be dismissed, C. S., 511, but where it only appears that there is a misjoinder of causes, the case will be retained and the several causes divided into as many actions as may be necessary for the proper disposition of the case. C. S., 516.

2. **Pleadings D e—Upon overruling of demurrer and appeal taken therefrom it is error for court to set time for filing answer.**

    Where a demurrer to an action upon the ground of misjoinder of parties and causes of action has been overruled in the Superior Court and the judgment of the Superior Court is affirmed in the Supreme Court, the demurring party has the statutory right to file an answer at any time within ten days after the Superior Court has received the certificate of the opinion of the Supreme Court, of which statutory right the Superior Court cannot deprive him, C. S., 515, and it is error for the trial court in overruling the demurrer to require the defendant to file an answer at a fixed time, there being no finding that the demurrer was frivolous. C. S., 599.

APPEAL by defendants from *Stack, J.,* at April Term, 1929, of MECKLENBURG.

The plaintiff brought suit against the defendants as directors of the Y. & B. Corporation to recover a large sum of money for the benefit of the creditors and the stockholders of the corporation on account of the alleged misapplication of its assets. The defendants demurred to the complaint on the ground that it shows a misjoinder of parties and causes of action. The demurrer was overruled; judgment by default was given for want of an answer; and the cause was then referred to a referee who was to hear the evidence, ascertain the liability, if any, of the defendants, and to make his report to the court. The judgment contains this provision: "If the defendants shall file their answer to the complaint in the office of the Superior Court of Mecklenburg County on or before 10 o'clock a.m., 13 April, 1929, then and in that event the part of this judgment which is by default for want of an answer shall stand stricken out and the referee will hear the case on all the pleadings on file and report his findings and conclusions as required above." The defendants excepted and appealed.

*Preston & Ross and E. B. Cline for receiver.*
*Tillett, Tillett & Kennedy for unsecured creditors.*
*Fred B. Helms, F. W. Orr, Jake F. Newell, Wade H. Williams, John Newitt, Fred Hunter and Pharr & Currie for appellants.*

ADAMS, J. A defendant may demur to the complaint when it appears upon the face thereof that . . . there is a defect of parties plaintiff or defendant, or that several causes of action have been improperly united. C. S., 511. If it appears from the complaint that there is a misjoinder both of parties and of causes of action and a demurrer is interposed, not only will the demurrer be sustained, but the action will be dismissed. *Bank v. Angelo,* 193 N. C., 576. But if the demurrer is sustained for the reason that several causes of action have been improperly united, the several causes may be divided into as many actions as may be necessary for their proper determination. C. S., 516; *Gattis v. Kilgo,* 125 N. C., 133.

The defendants demurred to the complaint for an alleged defect of parties plaintiff and defendant, for an alleged misjoinder of causes of action, and for the alleged insufficiency of the complaint to state a cause of action. We need not discuss each of these phases in its relation to the allegations in the complaint; the demurrer admits the allegation that in order to pay the creditors it is necessary to sue the directors. There is no misjoinder of parties, and there being no fatal misjoinder of causes of action the demurrer was properly overruled. *Trust Co. v. Peirce,* 195 N. C., 717. Even if two causes of action are to some extent inconsistent, the complaint is not always on that account demurrable. *Worth v. Trust Co.,* 152 N. C., 242.

The judgment, however, is not free from error. If a judgment overruling a demurrer is affirmed on appeal to the Supreme Court the demurring party may file an answer at any time within ten days after the lower court receives the certificate of the Supreme Court. C. S., 515. This is a statutory right of which the trial court cannot deprive him. There is no finding that the demurrer was frivolous. C. S., 599. The judgment is affirmed to the extent of overruling the demurrer; the remainder of it is stricken out, and as thus modified the judgment is affirmed.

Modified and affirmed.