## IN RE NEWSOME WORSLEY.

(Filed 3 November, 1937.)

**Insane Persons § 4—In proceedings under C. S., 2285, court should define standard of mental capacity constituting "want of understanding."**

In this proceeding for the appointment of a guardian for respondent on the ground that he was incompetent for "want of understanding to manage his own affairs," C. S., 2285, respondent *held* entitled to a new trial for that the court, although giving the respective contentions of the parties upon the issue, failed to define the legal meaning of the term or instruct the jury as to the standard of mental capacity recognized by the law.

APPEAL by respondent, Newsome Worsley, from *Cranmer, J.,* at February Term, 1937, of PITT. New trial.

This proceeding was begun on 23 December, 1936, by a petition filed by N. A. Worsley, a son of Newsome Worsley, before the clerk of the Superior Court of Pitt County, in accordance with the provisions of C. S., 2285. The petition was verified by the petitioner, and was filed in his behalf by his attorney.

It was alleged in the petition that Newsome Worsley is a resident of Pitt County, North Carolina, and is the owner of property, real and personal, in said county; that the said Newsome Worsley is now incapable from want of understanding to manage, care for, and control his property; and that because of such incapacity there is grave and immediate danger that the property of the said Newsome Worsley will be disposed of and squandered by him without profit to himself or to those who are interested in said property.

On these allegations, the petitioner prays that notice be issued by the court to the said Newsome Worsley advising him of the pendency of this proceeding, and requiring him to show cause, if any he has, why a guardian should not be appointed by the court, to manage, care for, and control his property, as provided by C. S., 2285.

Pursuant to the prayer of said petition, notice was duly served on the respondent Newsome Worsley, who thereafter duly filed an answer to the petition, in which he denied the allegation therein that he is incapable from want of understanding to manage, care for, and control his property. He alleged in said answer that his mind is clear and that he is capable and competent to manage his affairs. He prayed that the prayer of the petitioner be denied and that the proceeding be dismissed.

The issue raised by the petition and the answer thereto was submitted to a jury which was duly summoned, sworn, and impaneled as provided by statute.

The jury having heard the evidence offered by both the petitioner and the respondent, answered the issue as follows:

"Is the said Newsome Worsley incompetent from want of understanding to manage his own affairs? Answer: 'No.'"

It was thereupon ordered and adjudged by the court that the prayer of the petition be and the same was denied, and that the proceeding be and the same was dismissed, and that the petitioner be taxed with the costs of the proceeding. The petitioner appealed from the order and judgment of the clerk to the Superior Court of Pitt County.

The proceeding was called for trial *de novo* at February Term, 1937, of the Superior Court of Pitt County. At said trial, the issue was submitted to a jury, which was duly sworn and impaneled. After hearing the evidence offered by both the petitioner and the respondent, and the charge of the court, the jury answered the issue "Yes."

Judgment was accordingly rendered by the court that "the respondent Newsome Worsley is incompetent from want of understanding to manage his affairs."

It was thereupon ordered by the court that the proceeding be remanded to the clerk of the Superior Court of Pitt County with direction that said clerk appoint a guardian for the respondent, Newsome Worsley, as provided by statute.

From this judgment and order the respondent appealed to the Supreme Court, assigning errors in the trial.

*Blount, James & Taft for petitioner, N. A. Worsley.*
*Julius Brown and J. B. James for respondent, Newsome Worsley.*

CONNOR, J. At the trial in the Superior Court of the issue raised by the pleadings in this proceeding, there was evidence offered by the petitioner and evidence offered by the respondent tending to support their respective contentions as to the answer to the issue, the petitioner contending that the jury should answer the issue "Yes," and the respondent contending that the jury should answer the issue "No."

Witnesses for the petitioner testified that they knew the respondent, Newsome Worsley; that they had known him for many years; and that in their opinion, based upon observation of him and upon conversations with him, he was not competent for want of understanding to manage, care for, and control his property. Each of these witnesses, on his cross-examination by counsel for the respondent, testified that in his opinion the respondent knew the property which he owned, and had an opinion as to its value, and that respondent knew his children, and his relations to them.

Witnesses for the respondent testified that they knew the respondent, Newsome Worsley; that they had known him for many years, and that in their opinion, based upon observation of him, and conversations with him, he was competent to manage, care for, and control his property. Each of these witnesses, on his direct examination, testified that in his opinion the respondent knew the property which he owned, and had an opinion as to its value, and that respondent knew his children and his relations to them.

All the evidence showed that respondent is about 89 years of age; that he owns a farm in Pitt County, located about 2 miles from the town of Bethel, and a house and lot in the town of Bethel; that respondent purchased both the farm and the house and lot, and that both the farm and the house and lot are free and clear of encumbrances; that when he purchased the house and lot in Bethel, he had it conveyed to his wife, and that he now owns an estate for his life in said house and lot, with remainder to his children, as the heirs at law of his wife; and that he owns the farm in fee simple.

There was no evidence tending to show that respondent had sold or disposed of his property, real or personal, or any part thereof, except some chickens which he sold at the market price. He has rented his farm to one of his sons for an annual rent of $600.00. There was evidence tending to show that he had executed his last will and testament and had thereby devised his farm to the son to whom it is now rented, and that respondent had said to one of his children that he had "cut" her and his other children out of his property by his said last will and testament.

An examination of the charge of the court to the jury shows that the court stated the contentions of the petitioner and of the respondent, respectively, to the jury with respect to their answer to the issue, but failed "to state in a plain and correct manner the evidence given in the case, and to declare and explain the law arising thereon," as required by C. S., 564.

The court charged the jury as follows:

"The petitioner contends, gentlemen of the jury, that Mr. Newsome Worsley is incompetent to manage his own affairs. He contends that he is a man of advanced years and is failing physically, and is not competent to manage his own affairs; that his mind is not what it has been, and that you should so find from the evidence, and should answer the issue 'Yes.' He contends that he is incapable of directing his affairs; that he has some property and is incapable of managing and saving it, and that therefore you should find that he is incompetent to manage his own affairs, and answer the issue 'Yes.'

"The respondent, Mr. Newsome Worsley, contends that he is competent to manage his own affairs. He contends that he has produced a number of witnesses, who are his neighbors and are intimate with him, and that they have testified that his mind is clear, and that he himself has so testified. He contends that it is your duty to take into consideration his demeanor on the stand, how he answered the questions put to him. He contends that it is true that he is not as active as he once was, that he has reached old age, but that he is competent to manage his own affairs; that what he has is his, and that he has a right to do with it as he pleases; that it is his property and the law gives him the right to do with it as he pleases; that he accumulated it, and made it, and he contends that he is competent to use his property and to do with it as he pleases, and that you should so find.

"So, gentlemen of the jury, these are the contentions of the parties.

"It is a question of fact for you, gentlemen, as you find the facts to be from the evidence, the burden being upon the petitioner to satisfy you by the greater weight of the evidence. If he has so satisfied you, it will be your duty to answer the issue 'Yes'; if he has not so satisfied you, it will be your duty to answer the issue 'No.' But if, on the other hand, you find the evidence equally balanced, it will be your duty to answer the issue 'No.' "

Nowhere in the charge does the court define the words "incompetent for want of understanding to manage his own affairs," as used in the statute, C. S., 2285, and in the issue in this proceeding, or instruct the jury as to the legal significance of these words. The jurors were left to set up, each, his own standard of mental capacity, without any instructions from the court as to the standard recognized and enforced by the law. See *In re Anderson,* 132 N. C., 244, 43 S. E., 649, where it is said: "The fourth class of persons mentioned in section 1670 of The Code (now C. S., 2285) must really be embraced under the head of lunatics, that is, their want of understanding in order to render them incompetent to manage their own affairs must be complete. As in lunacy, there must be a total privation of understanding; mere weakness of mind will not be sufficient to place a person in the list of those described in the fourth class mentioned in the statute."

For error in the charge, as indicated in this opinion, the respondent is entitled to a new trial. It is so ordered.

New trial.