W. M. GOODSON, J. L. GOODSON, J. F. GOODSON, J. R. GOODSON, BESSIE DRUM, IDA JONES AND J. C. GOODSON v. MATTIE LEHMON, WILLIAM LEHMON AND WIFE, CONNIE LEHMON; LIZZIE BEAL, ELLA PAINTER, MOLLIE CALDWELL, ET AL.

(Filed 8 November, 1944.)

**1. Insane Persons § 5—**

> G. S., ch. 35, defines four several classes of persons for whom a guardian may be appointed, but it creates one cause and one cause only for such appointment. That cause is mental incapacity or want of understanding.

**2. Insane Persons § 4—**

> A verdict and judgment in an inquisition, where the jury found and the court adjudged that, "due to old age and other physical infirmities," G was incapable of looking after or managing her own affairs—and nothing more, constitutes no evidence, conclusive or otherwise, of the mental incapacity of G.

APPEAL by defendants from *Blackstock, Special Judge,* at July Term, 1944, of CATAWBA. Reversed.

Civil action to set aside a deed of conveyance for mental incapacity and fraud.

In 1938 Bessie Drum and Ida Jones, two of the plaintiffs herein, filed a petition before the clerk of Superior Court of Catawba County, seeking to have Julia Goodson declared incompetent for want of understanding to manage her own affairs. At the hearing, 22 October, 1938, an issue was submitted to and answered by the jury as follows:

"Is Julia Goodson incapable of looking after or managing her own affairs due to old age and other physical infirmities?

"Answer: Yes."

Thereupon the clerk, reciting the verdict, adjudged "that said Julia Goodson is incapable to look after and manage her own affairs due to old age and other physical infirmities, and in accordance with Section 2285 of the North Carolina Code, a guardian should be appointed to manage her property and affairs." No guardian was appointed.

On 12 August, 1939, the said Julia Goodson appeared and filed a motion in the cause for the appointment of a receiver of her property. She alleges in her motion that plaintiff J. F. Goodson has wrongfully acquired possession of her personal property and one tenant house and refuses to make any accounting, and that it is necessary to have a receiver to acquire possession thereof.

On 19 August, 1939, the judge, for the purpose of the motion, found the facts alleged to be true and entered an order appointing Fred Wright

receiver. The name of Fred Wright has been stricken from said order. At what time and by whom this was done does not appear.

On 17 November, 1939, plaintiff J. F. Goodson, against whom the allegations of misconduct in respect to the property of Mrs. Goodson had been made, filed bond with the clerk and assumed the duties of receiver. This was without appointment or authorization.

On 4 August, 1941, Julia Goodson executed and delivered to defendants, Mattie Lehmon (her daughter) and William Lehmon (her grandson), a deed conveying the real property described in the complaint. The deed recites that it is executed pursuant to a prior agreement between grantor and her husband and the grantees in consideration of services, etc., in looking after and living with the grantors in their old age.

Mrs. Goodson died 8 March, 1942, and on 5 July, 1943, this action to invalidate the deed was instituted.

At the hearing the plaintiffs offered the record of the inquisition proceedings, including the receivership motion and reports filed by J. F. Goodson, Receiver, together with proof of their authenticity, and rested.

Defendants moved to dismiss as in case of nonsuit. The motion was overruled and defendants excepted.

Thereupon, the court submitted one issue to the jury, to wit:

"1. Was the deed made by Mrs. Julia A. Goodson on the 4th day of August, 1944 (*sic*), to Mattie Lehmon and William Lehmon, inoperative and void?" and instructed the jury: "if you believe all of the evidence in this case, the testimony of the witnesses and the other evidence, and find the facts to be as the evidence tends to show, then it will be your duty to answer the issue Yes."

The jury answered the issue as instructed by the court. There was judgment on the verdict and defendants appealed.

*John C. Stroupe and Wade H. Lefler for plaintiffs, appellees.*

*Harvey A. Jones, Fred D. Caldwell, and John W. Aiken for defendants, appellants.*

BARNHILL, J. G. S., chapter 35, defines four several classes of persons for whom a guardian may be appointed but it creates one cause and one cause only for such appointment. That cause is mental incapacity or want of understanding. *In re Worsley,* 212 N. C., 320, 193 S. E., 666; *In re Anderson,* 132 N. C., 243.

While the statute, G. S., 35-2, recognizes that mental deterioration or disintegration may, and sometimes does, follow as a result of old age, physical infirmities and disease, it does not make physical incapacity

alone, however complete, grounds for the appointment of a trustee or guardian. The court is authorized to step in and delegate the power to manage the property of another only when that person has lost his mental capacity to do so in his own behalf.

The verdict and judgment in the inquisition proceedings relied on by plaintiffs contain no suggestion of mental incapacity or want of understanding. The jury found and the court adjudged that, "due to old age and other physical infirmities," Mrs. Goodson was incapable of looking after or managing her own affairs—and nothing more. This verdict and judgment constitute no evidence, conclusive or otherwise, of the mental incapacity of the deceased at the time she executed the deed in controversy.

The motion for the appointment of a receiver was made by Mrs. Goodson and was based on the allegation that one of plaintiffs had wrongfully acquired possession of her property. It has no bearing on the question here presented.

The inquisition proceedings together with the accompanying motion for the appointment of a receiver was all the evidence offered by plaintiffs. Hence, the defendants were entitled to have the cause dismissed as of nonsuit as they in apt time requested.

The plaintiffs cite and rely on *Sutton v. Sutton,* 222 N. C., 274, 22 S. E. (2d), 553. That case is clearly distinguishable. There the respondent in the inquisition proceedings was adjudged "incompetent from want of understanding." Here it was not so found or adjudged.

For the reasons stated the judgment below is

Reversed.