W. M. GOODSON, J. L. GOODSON, J. F. GOODSON, J. R. GOODSON, BESSIE DRUM, IDA JONES, and J. G. GOODSON v. MATTIE LEHMON, WILLIAM LEHMON and Wife, CONNIE LEHMON, LIZZIE BEAL and Husband, S. P. BEAL, ELLA PAINTER and Husband, JIM PAINTER, MOLLIE CALDWELL and LESTER CALDWELL, Her Husband, KERMIT K. BOLICK and Wife, BERNICE L. BOLICK.

(Filed 31 October, 1945.)

**1. Pleadings § 2: Deeds §§ 2a, 2c—**

Mental incompetency to make a deed and that weakness of mind, which often renders the subject especially amenable to undue influence, are not too far apart psychologically or too radically inconsistent as to require their assertion in separate actions. G. S., 1-123.

**2. Appeal and Error §§ 37a, 49a—**

This Court may render final judgment here in proper cases, and occasionally does so; but it is not the practice to·render judgment here unless it may be necessary to protect some right of the litigant parties in danger of *ad interim* defeat, or where it is demanded by the public convenience or welfare. Ordinarily, the opinion is certified down and, while binding on the court of original jurisdiction, the cause is not terminated until the authority of that court has been exercised by judgment in accordance with such opinion.

**3. Judgments § 33a: Trial § 25½—**

G. S., 1-25, allowing a new action within one year after nonsuit, must be read into every final judgment of nonsuit entered by any court, and of this law all persons must take notice.

**4. Same—**

Under G. S., 1-25, the new action is considered as a continuation of the former action and they must be substantially the same, involving the same parties, the same cause of action and the same right, and this must appear from the record in the case and cannot be shown by oral testimony.

**5. Lis Pendens §§ 4, 5—**

In a former suit, between the same plaintiffs and some of the same defendants, to set aside a deed to the original defendants for mental incompetency and undue influence, the original notice of *lis pendens* is effective to protect plaintiffs in renewed litigation, G. S., 1-25, within the statutory period, after dismissal, reversal or nonsuit on appeal, otherwise than on the merits, where there is identity between the causes of action and procedural continuity arising out of the legal right to renew the litigation, and the new defendants were *pendente lite* purchasers in the original proceeding.

APPEAL by defendants from *Gwyn, J.,* at July Term, 1945, of CATAWBA.

In July, 1943, the present appellees brought an action against certain of the defendants in this action to set aside a deed of the lands in controversy made to them by Julia Goodson on the ground of mental incompetency of the grantor, and duress and undue influence on the part of the grantees, and filed their complaint, describing the lands, and also filed separate notice of *lis pendens.* Both plaintiffs and defendants in that action were children of Julia Goodson.

On the trial of the case defendants, at the conclusion of plaintiffs' evidence, demurred thereto and moved for judgment as of nonsuit. G. S., 1-183. The demurrer was overruled and the defendants excepted, offering no evidence. The case went to the jury and resulted in a verdict, and judgment for the plaintiffs, from which the defendants appealed.

On this appeal the judgment overruling the demurrer and motion to nonsuit was reversed. *Goodson v. Lehmon,* 224 N. C., 616, 31 S. E. (2d),

756. The opinion was certified to the Superior Court of Catawba County, and appears to have been received there on or about 5 December, 1944. At the instance of the defendants in the action, judgment in accordance with the opinion was rendered and entered in the Superior Court 15 January, 1945. Meantime, on 5 December, 1944, the defendants in the suit, holding under the Julia Goodson deed, conveyed the lands to certain other of the defendants and to Kermit K. Bolick and wife, Bernice L. Bolick, now defendants in the case at bar, in separate lots.

On 15 January, 1945, the plaintiffs in that proceeding, who are also plaintiffs here, began a new proceeding under authority of G. S., 1-25, upon the same cause of action, seeking the same relief.

Pertinent to discussion of the question raised on this appeal, the complaint, in addition to the allegation of mental incompetency, duress and undue influence, sets out that the defendants purchased *pendente lite,* setting up the notice of *lis pendens* as part of the complaint, and that each of them had not only constructive notice given by the *lis pendens* on file, but actual notice of the rights and equities of the plaintiffs respecting the lands.

The defendants demurred to the complaint as not stating a cause of action for that, it is contended, it appears upon the face of the pleading that at the time defendants took title, *lis pendens* was not in force, as the judgment of reversal in this Court was final, ending the case, and with it the effectiveness of notice of *lis pendens,* and giving them the status of innocent purchasers without notice; or, if the suit did not end then, it necessarily terminated on 15 January, with a like effect, making valid the deeds they had already taken, notwithstanding the original notice of *lis pendens.* Defendants also demurred to the complaint for defect in joinder of causes of action, in that mental incompetency and undue influence or duress are inconsistent pleas which cannot be joined under our Code of Procedure. G. S., 1-123 and 1-127.

The demurrer on both grounds was overruled and defendants appealed.

*Wade H. Lefler and Eddy S. Merritt for plaintiffs, appellees.*

*John W. Aiken, Harvey A. Jonas, Sr., Fred D. Caldwell, and T. P. Pruitt for defendants, appellants.*

SEAWELL, J. This case comes here upon the appeal of the defendants from a judgment overruling the demurrer above set out. Boiled down, the demurrer is grounded on these propositions: First, that the complaint is bad for misjoinder of causes of action since, it is contended, the plea of mental incompetency of the grantor and the plea of undue influence

on the part of the grantees are inconsistent and may not be joined in the same action under our statute, G. S., 1-123; and second, that the complaint discloses that defendants bought the property in dispute when there was no action pending or effective notice of *lis pendens,* and they are, therefore, as far as this action is concerned, innocent purchasers without notice.

1. The demurrer for defect in joinder of causes of action was properly overruled. Mental incompetency to make a deed and that weakness of mind which often renders the subject especially amenable to undue influence are not too far apart psychologically or too radically inconsistent as to require their assertion in separate actions. *Shuford v. Yarborough,* 198 N. C., 5, 150 S. E., 618; *Sprinkle v. Wellborn,* 140 N. C., 163, 52 S. E., 666; *Worth v. Trust Co.,* 152 N. C., 242, 67 S. E., 590; *Craven County v. Investment Co.,* 201 N. C., 523, 524, 160 S. E., 753. In the last cited case it is said that the statute relating to joinder of causes of action must be interpreted in the light of the equity practice. The joinder is common practice. *Wessell v. Rathjohn,* 89 N. C., 377, 16 Am. Jur., pp. 461, 462.

2. In their second objection, appellants raise the question as to the continued effectiveness of the original notice of *lis pendens* as a protection to the plaintiffs in the present action.

In *Goodson v. Lehmon,* 224 N. C., 616, 31 S. E. (2d), 756, the former appeal, the judgment of the lower court overruling the demurrer to the evidence was reversed. The case at bar is brought upon the same cause of action under authority of G. S., 1-25, which permits a "new action" to be brought within one year when the action has been nonsuited or dismissed without a hearing on the merits. It is contended by the appellants that the reversal constituted a final judgment in this Court, terminating the action at that time, and with it the effectiveness of the original notice of *lis pendens;* or that, if not so, at least when the judgment was entered in the Superior Court on 15 January, the action and *lis pendens* both terminated, giving them by relation the status of innocent purchasers without notice, although they actually purchased during the pendency of the prior proceeding.

This Court may, of course, render a final judgment here in proper cases, and occasionally does so; but it is not the practice to render judgment here unless it may be necessary to protect some right of the litigant parties in danger of *ad interim* defeat, or where it is demanded by the public convenience or welfare. Ordinarily, the opinion of the Court is certified down to the Superior Court of the county whence the appeal came, where a judgment in accordance with the opinion is entered. In that event, while the certified decision is binding on the court of original

jurisdiction, the cause is not terminated until the authority of that court has been exercised. There is nothing in the formula used by the Court on the former appeal—*Goodson v. Lehmon, supra*—which indicates any intention to depart from the usual practice. *Cf. Griffin v. R. R.,* 150 N. C., 312, 315, 64 S. E., 16; *Hospital v. Florence Mills,* 186 N. C., 554, 555, 120 S. E., 212; *Davis v. Storage Co.,* 186 N. C., 676, 683, 120 S. E., 462. The judgment of reversal was not final until its entry in the Superior Court on 15 January, at the instance of defendants. *Allen v. Gooding,* 174 N. C., 271, 273, 274, 93 S. E., 740; *Smith v. Moore,* 150 N. C., 158, 63 S. E., 735. The appellants, the present defendants, were therefore, at the time they acquired title, purchasers *pendente lite.*

The question whether under these circumstances the original notice of *lis pendens* is effective to protect plaintiffs where the litigation is renewed within the permissive period after dismissal, reversal or nonsuit otherwise than on the merits, has not been decided here. Elsewhere authorities are in conflict. But we think the better reasoning supports the view that where there is identity between the causes of action, and a procedural continuity arising out of the legal right to renew the litigation on the merits, the original *lis pendens* will be effective in the "new action," *where the defendants were pendente lite purchasers in the original proceeding.*

On this principle, it has been held, we think with reason, that where the decree of dismissal expressly reserves to the plaintiff the right to begin another proceeding, such grant of authority continues the operation of the *lis pendens.* 34 Am. Jur., Lis Pendens, sec. 32; 38 C. J., Lis Pendens, sec. 66; *Loomis v. Davenport,* 175 F., 301, 307; *Bishop of Winchester v. Paine,* 11 Ves. Jr., 200. *A fortiori,* since G. S., 1-25, giving such permission as a matter of law, must be read into every final judgment of nonsuit entered by any court, and of this law all persons affected must take notice, the same rule may apply.

Our courts have required the strictest factual identity between the original and the renewed proceeding, and have frequently, not, we think, inadvertently or casually, referred to the "new action" begun under G. S., 1-25, as a continuation of the original action.

"The time is extended because the new action is considered as a continuation of the former action and they must be substantially the same, involving the same parties, the same cause of action and the same right, and this must appear from the record in the case and cannot be shown by oral testimony." McIntosh, Civil Procedure, p. 119, sec. 126; *Young v. Atlantic Coast Line R. Co.,* 189 N. C., 238, 126 S. E., 600; *Quelch v. Futch,* 174 N. C., 395, 53 S. E., 899; *Colby v. City of Portland,* 89 Oregon, 566, 174 P., 1159, 3 A. L. R., 819. See *Van Kempen v. Latham,* 201 N. C., 505, 513, 160 S. E., 759.

On this view defendants, who were *lis pendens* purchasers during the original proceeding, would seem to have a still more unfavorable position, with reference to *lis pendens,* upon renewal of the litigation.

In *Shufeldt v. Jefcoat,* 50 Okla., 790, 151 P., 595, the Court said: "A plaintiff in a suit to cancel a deed who dismisses the action without prejudice and subsequently brings a new suit on the same cause of action some two months later, does not lose the benefit of notice of the action as to one who purchases during the pendency of the suit and prior to the dismissal."

The principle asserted in these cases assigns no new office to the doctrine of *lis pendens.* It does, however, recognize that its application should not be so strict as to defeat the statutory remedy with which it is closely associated, and which, without its aid, would be a futile gesture.

However originated, the doctrine of *lis pendens* is now, with practical uniformity, referred to the principle of notice, and is nowhere regarded as merely an arbitrary device, adopted for the convenience of the court in preserving the *status quo* so that the litigation should end somewhere, leaving something to which jurisdiction might attach. The protection of the rights involved are as much emphasized as the public convenience. It would have little significance as a rule of chancery courts without recognition of its special regard for the equities which the court is supposed to protect and adjust, as well as the frame within which it is to operate. It is not, therefore, an unreasonable view that its effectiveness ought to prevail so long as these equities have not themselves been determined or dismissed, but by appropriate statute are kept within the care of the law and the prospective adjudication by the court. It is difficult to see how G. S., 1-25, intended to accomplish this result, could be made effective in any other way, since, otherwise, the vigilant purchaser is practically invited to loose an arrow which will hit the proceeding in the joint of the harness; and the law makes a promise which it cannot fulfill. In complete accord with this holding is the decision in *Bird v. Gilliam,* 125 N. C., 76, loc. cit. 79, 34 S. E., 196:

"A purchaser of land, in litigation, is conclusively fixed with notice, and takes his conveyance from a party of the suit subject to the final adjudication—the right of appeal petition to rehear . . . and in certain cases, a writ of error (within two years) to the United States Supreme Court." Page 76, Synopsis. (Page 80)—"If, by so doing, the rights of petitioners to rehear could be defeated, the relief intended to be given by such reviews of the action of the Court, would be almost, if not altogether, denied, by anticipatory promptness of any party who might be affected by such reviews."

Without going further than the facts of this case, we are of the opinion that notice of *lis pendens* is effective against the appellants, who were

purchasers *pendente lite* in the former related action. *Shufeldt v. Jef-coat, supra.*

Equally decisive on the point, however, is the circumstance, to which appellants seem to be inadvertent. It is that plaintiffs have not relied solely on the original notice of *lis pendens,* although they have pleaded it, but have alleged that defendants had actual knowledge of plaintiffs' rights and equities in the land at the time they acquired title. This is sufficient to defeat the demurrer.

The judgment overruling the demurrer is
Affirmed.