**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

---

No. 99-60316

---

LOUIS JOHNSON; ET AL

                                        Plaintiff

LOUIS JOHNSON; CAROLYN NEWELL JOHNSON; GULF MACHINERY SALES AND
ENGINEERING CORP.; DAVID R. WALKER

                                        Plaintiffs-Appellants

                            versus


HEUBLEIN INC.; CANANDAIGUA WINE COMPANY, INC.; WALTER MASLOWSKI,
doing business as SETC and/or SETC, Inc., doing business as
Salisbury, ETC.

                                        Defendants-Appellees

---

Appeal from the United States District Court
For the Southern District of Mississippi

---

Before POLITZ, SMITH and DENNIS, Circuit Judges.

DENNIS, Circuit Judge:

    Plaintiffs-Appellants appeal from the district court's
judgment denying their motion to remand the case to state court on
the grounds that it was untimely removed under 28 U.S.C. § 1446(b).
We AFFIRM.

-1-

I.   Facts and Disposition in the District Court

In December 1992, Gulf Machinery Sales and Engineering Corp. ("GSE"), a Florida corporation, entered into a contract with Heublein, Inc.,("Heublein"), a Connecticut corporation, to construct a specialty machine evaporator to be shipped to Heublein's Mission Bell Winery in Madera, California.  Beginning the same month, Louis and Carolyn Newell Johnson, domiciliaries of Mississippi, made a series of loans to GSE to finance the costs of manufacturing the evaporator.  In exchange GSE gave the Johnsons promissory notes, personally guaranteed by its officer, David R. Walker ("Walker"), a Florida domiciliary.   GSE granted both Heublein and the Johnsons security interests in the evaporator. Heublein registered its security interest by filing a UCC financing statement with the Florida Secretary of State on or about December 14, 1992; the Johnsons registered their security interest in like manner on June 10, 1994.

The written contract between GSE and Heublein provided that GSE's failure to deliver the operational evaporator by the stipulated date prior to the California grape harvest season would entitle Heublein to liquidated damages by deducting from the price of the evaporator $2,500 for each day of GSE's default in timely performance.  The written contract also provided that it could be modified only by another agreement in writing.  GSE failed to meet the deadline.  On September 28, 1993, Heublein notified GSE of an assessment of liquidated damages against it of $165,000 for 66 days

delay in delivery from July 26, 1993 through October 31, 1993. In early October, however, representatives of Heublein and GSE allegedly entered an oral compromise agreement that GSE would pay only for the "actual costs" of the delay then estimated to be between $30,000 and $40,000. GSE completed its performance on October 15, 1993. Nevertheless, on October 20, 1993, Heublein assessed GSE with an additional $35,000 in damages for the delay between October 1 and October 15, 1993. Despite GSE's protest based on the alleged oral compromise agreement, Heublein deducted all of the assessed liquidated damages from the amount of its final payment to GSE for the evaporator. Sometime after the delivery of the evaporator, Heublein sold the Mission Bell Winery, including the evaporator, to Canandaigua Wine Company, Inc. ("Canandaigua"), a Delaware corporation.

In October 1995, the Johnsons filed a complaint in Mississippi state court naming as defendants GSE, Heublein, Canandaigua, Walker, and Walter Maslowski, a Florida domiciliary. As plaintiffs, the Johnsons alleged that GSE and Walker had defaulted on promissory notes in the amount of $198,726.37 secured by the Johnsons' registered UCC financing statement on the evaporator, Heublein and Canandaigua had wrongfully converted the evaporator, and Maslowski, as agent and alter-ego of GSE and Walker, was personally liable jointly and severally with them for the relief requested in the complaint. Although there was complete diversity between the plaintiffs and defendants, the state court action was

-3-

not removed to federal court within the delay provided therefor because Heublein and Canandaigua were unable to obtain the consent of the other defendants. Subsequently, Heublein, Canandaigua, Walker, and GSE each filed a motion to dismiss the Johnsons' complaint. However, after GSE and Walker abandoned their motions to dismiss, the state court summarily denied the motions of Heublein and Canandaigua. Subsequently, Heublein moved for summary judgment as to the claim asserted against it by the Johnsons.

Before the state court ruled on Heublein's motion for summary judgment, on March 6, 1997, the Johnsons, GSE, and Walker jointly filed a "confession of judgment and assignment of claims" in the state court. In the instrument, GSE and Walker confessed to a judgment in favor of the Johnsons in the amount of $367,508.99 and assigned to the Johnsons any and all claims they might have against Heublein and/or Canandaigua. On April 11, 1997 the Johnsons, GSE, and Walker, as co-plaintiffs (hereinafter "Co-plaintiffs"), filed an amended complaint in the state suit naming as co-defendants Heublein, Canandaigua, and Maslowski, (hereinafter "Co-defendants"), and (1) reasserting the Johnsons' original claim of conversion against the Co-defendants, and (2) asserting for the first time against the Co-defendants GSE's previously unfiled claims against Heublein and Canandaigua for breach of contract, bad faith breach of contract, unjust enrichment, and fraud, which the Johnsons had acquired from GSE and Walker by the confession of judgment and assignment.

-4-

Heublein and Canandaigua removed the case to federal court on May 1, 1997, alleging diversity jurisdiction, and filed a motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. The Johnsons, GSE, and Walker filed a motion to remand claiming (1) lack of complete diversity because co-plaintiffs GSE and Walker and co-defendant Maslowski were all domiciliaries of Florida, and (2) untimely removal. After considering the motion, the Co-defendants' response, and the other filings of record, the district court denied the motion to remand, holding that the Co-defendants had timely exercised their revived right to remove the case within 30 days of their receipt of the amended complaint. The district court assigned its reasons in a well written opinion, which, in summary, stated: The courts have read into 28 U.S.C. § 1446(b) an exception to the initial thirty-day time limit for the case where the plaintiff files an amended complaint that so changes the nature of his action as to constitute substantially a new suit which revives the defendant's right to remove; the exception was not abrogated by the 1988 amendment to § 1446(b); the Co-plaintiffs' amended complaint stated an entirely new cause of action different from that stated by the original complaint falling within the exception; co-defendant Maslowski's Florida domicile does not destroy diversity but is disregarded under the theory of fraudulent joinder because the Florida co-plaintiffs, GSE and Walker, could not prevail in a suit against Maslowski, their own alter-ego; and, therefore, the Co-defendants

-5-

timely exercised their revived right by removing the case within thirty days of receipt of the Co-plaintiffs' amended complaint.  In a separate opinion and order the district court concluded that the Co-plaintiffs' claims of breach of written contract, bad faith breach of contract, unjust enrichment, breach of oral contract, and fraud are barred by the statute of limitations and must be dismissed, leaving the Co-plaintiffs' suit against Heublein and Canandaigua for conversion of the evaporator as the only claim remaining in the case.  The Co-plaintiffs appealed only the district court's denial of their motion to remand.  We affirm essentially for the reasons assigned by the district court.

## II.  Standard of Review

We review the district court's denial of a motion to remand to state court *de novo*.  *See, e.g., Luckett v. Delta Airlines Inc.*, 171 F.3d 295, 298 (5th Cir. 1999).

## III.  Subject Matter Jurisdiction

The district court correctly decided that, under the fraudulent joinder doctrine, Maslowski cannot be regarded as a genuine party for determining diversity jurisdiction. The removing party must prove fraudulent joinder by demonstrating that there is no possibility that the non-removing party could successfully prosecute a cause of action under state law against the defendant

whose joinder is questioned. *See Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40, 42-43 (5th Cir. 1992). In the present case, the Co-plaintiffs have not alleged any facts which reasonably demonstrate that they have an independent or a derivative cause of action against Maslowski. Even if we assume arguendo that the Johnsons in their original complaint alleged facts showing that Maslowski could be held responsible as the alter ego of GSE and Walker for the claims stated against GSE and Walker, the amended complaint failed to reallege grounds for the primary liability of GSE and Walker.[1] The pleadings and record before us thus establish conclusively that the Co-plaintiffs have failed to state any cause of action against Maslowski under which they possibly could prevail.

IV. Timeliness of Removal

The procedure for removal is set forth by 28 U.S.C. § 1446. The pertinent part governing timeliness of removal is § 1446(b), which states:

> (b) The notice of removal of a civil action or proceeding shall be filed within thirty days after the

---

[1]The Co-plaintiffs in their amended complaint merely "re-alleg[ed] and incorporat[ed] by reference all allegations made in the original Complaint filed October 25, 1995, with the exception of all allegations against GSE and David Walker which have been resolved pursuant to a confession of Judgment which is attached hereto[.]" Thus, the facts which the Johnsons originally alleged as the basis for their cause of action against GSE and Walker were, in effect, deleted from the amended complaint.

receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

28 U.S.C. §1446(b) (1988).

### A. The Second Paragraph and Its One-Year Limitation Are Not Applicable to the Present Case

This Circuit has held that the first paragraph of section 1446(b) applies to cases which are removable as initially filed, the second paragraph applies to those cases which are not removable originally but become removable at a later time, and the one-year limitation on removals applies only to the second paragraph of that section, i.e., only to cases that are not initially removable. *New York Life Ins. Co. v. Deshotel et al.,* 142 F.3d 873, 886 (5th Cir. 1998). ("Section 1446 requires that we interpret the one-year limitation on diversity removals as applying only to the second paragraph of that section, i.e., only to cases that are not initially removable. . . . The first paragraph applies only to civil actions in which the case stated by the initial pleading is removable. The second paragraph applies only to civil actions in

which the initial pleading states a case that is not removable. . . . . [I]f the statute is read as written, it is not plausible that Congress intended to affect the statement of the first paragraph by creating an exception to that made by the second paragraph." *Id.*[2]) *See also Brierly v. Alusuisse Flexible Packaging*, 184 F.3d 527, 534-535 (6th Cir. 1999); *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1316-1318 (9th Cir. 1998); 16 JAMES WM. MOORE, MOORE'S FEDERAL PRACTICE §107.14[2][h] (3d ed. 1997) Accordingly the parties, the district court, and this court agree that, because the present case was removable upon its initial pleading, the Co-defendants' ultimate removal of this case is not governed by the second paragraph of §1446(b) or its one-year limitation.

## B. The Revival Exception to §1446(b)

---

[2]The court explained its reasoning as follows:

> Section 1446(b) consists of two single sentence paragraphs. . . . The dependent phrase–'except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than one year after commencement of the action'–is incorporated into the second paragraph. Normally, one would read such a phrase as relating only to the sentence or paragraph of which it is a part. Section 1446(b) does not reasonably indicate a contrary intention. Courts applying the one-year limitation to the first paragraph of Section 1446(b) can do so only by distorting its ordinary meaning. They, in effect, must rewrite the statute. . . . If Congress had intended for the one-year limit to apply to all diversity removals, it is highly unlikely it would have chosen such an eccentric and obscure means to accomplish its purpose.

*New York Life*, 142 F.3d at 886.

According to the first paragraph of 28 U.S.C. 1446(b), a case filed in state court that is initially removable may be removed if the notice of removal is filed within thirty days after defendant either receives a copy of the complaint or is served with summons, whichever period is shorter. 28 U.S.C. § 1446(b). It is undisputed that the present case was initially removable and that the Co-defendants did not file a notice of removal within thirty days of receiving the initial complaint. Consequently, Heublein and Canandaigua lost the right to remove the case upon the expiration of that thirty-day period. We agree with the district court, however, that ultimately Heublein and Canandaigua timely removed the case under the judicially-created revival exception to the thirty-day requirement of section 1446(b), paragraph one.

The revival exception provides that a lapsed right to remove an initially removable case within thirty days is restored when the complaint is amended so substantially as to alter the character of the action and constitute essentially a new lawsuit. This Circuit recognized the exception in *Cliett v. Scott*, 233 F.2d 269, 271 (5th Cir. 1956), holding that "[al]though a defendant has submitted himself to state court jurisdiction on one cause of action, this does not prevent his removing the cause when an entirely new and different cause of action is filed [in the same case]." *Id.* (Footnote omitted, citing *Evans v. Dillingham*, C.C., 43 F. 177; *Mattoon v. Reynolds*, C.C., 62 F. 417; *Henderson v. Midwest Refining*

-10-

*Co.*, 10 Cir., 43 F.2d 23, 25; *Baron v. Brown,* D.C., 83 F.Supp. 520.) In *Wilson v. Intercollegiate (Big Ten) Conference A. A.*, 668 F.2d 926 (7th Cir.1982) the Seventh Circuit recognized that "[t]he courts. . .have read into [§1446(b)] an exception for the case where the plaintiff files an amended complaint that so changes the nature of his action as to constitute 'substantially a new suit begun that day.'"(citing *Fletcher v. Hamlet*, 116 U.S. 408, 410 (1886); *Cliett v. Scott*, 233 F.2d at 271; 14 WRIGHT, MILLER & COOPER, FEDERAL PRACTICE AND PROCEDURE § 3732, at 727–29 (1976)). *See Henderson v. Midwest Refining Co.*, 43 F.2d 23, 25 (10th Cir. 1930); 14C CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 3732, at 321 (1998) ("[The exception] seems quite appropriate since a willingness on the part of the defendant to remain in a state court to litigate a particular claim should not be interpreted as a willingness on his part to remain in a state court to adjudicate a completely different claim.")

As cogently noted by Judge Posner in the *Wilson* case, none of the various formulations of the revival exception is "self-defining" so that the issue must be "determined in each case with reference to its purposes and those of the 30-day limitation on removal to which it is an exception, and. . .the proper allocation of decision-making responsibilities between state and federal courts." *Wilson,* 668 F.2d at 965. We believe the district court's decision to apply the exception in the present case is consistent

-11-

with all of these considerations. The district court correctly found that "the allegations contained in the [amended complaint] bear no resemblance whatsoever to the allegations of the [original complaint]. . . . [T]he parties to the original action are now aligned in a completely different manner. . . . GSE and Walker, arguably the only Defendants against which the Johnsons stated a valid cause of action [originally] are now named Plaintiffs in this matter." *Johnson v. Heublein, Inc.*, 982 F.Supp. 438,444 (S.D.Miss. 1997). After the complaint was amended, the Co-defendants were confronted with a suit on a construction contract involving exposure to substantial compensatory and punitive damages, instead of only a questionable conversion claim by a competing creditor with an apparently inferior lien. Thus, applying the revival exception in this case will not thwart the purposes of the thirty-day limitation: to deprive the defendant of the undeserved tactical advantage of seeing how the case goes in state court before removing, and to prevent the delay and wastefulness of starting over in a second court after significant proceedings in the first. *Wilson,* 668 F.2d at 965. Because the amended complaint starts a virtually new, more complex, and substantial case against the Co-defendants upon which no significant proceedings have been held, the removal will not result in delay, waste, or undue tactical advantage to a party. Nor does the removal impair proper allocation of state and federal judicial responsibilities.

In their appeal, the Co-plaintiffs contend that Congress impliedly rejected the revival exception in amending §1446(b) in 1988.[3]  But the only change made by the 1988 amendment to §1446(b) was the addition of the one-year limitation applicable to diversity actions that were not removable as initially filed, discussed *supra* at 8-9.  The rest of §1446(b) has remained substantially the same since its revision in 1949, and read as follows prior to the 1988 amendment:[4]

> (b) The petition for removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>     If the case stated by the initial pleading is not removable, a petition for removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

---

[3]The Co-plaintiffs cite *Jenkins v. Sandoz Pharmaceuticals Corp.*, 965 F. Supp. 861 (N.D.Miss. 1997) for this proposition.  However, while the district court in *Jenkins* questioned whether the revival doctrine survived the 1988 amendment, it did not reach or decide the issue because the case as initially filed against the defendant was not removable; therefore, it was governed by the second paragraph of §1446(b) and  did not involve a defendant's exercise of his right of removal under the revival exception.

[4]Minor changes to §1446(b) that are irrelevant here have been made during the years since 1949. (E.g., the time period for filing a notice of removal has been extended from twenty days to thirty days.)

28 U.S.C. §1446(b)(1977).

It is plain that the first paragraph of §1446(b) providing a thirty-day time limit for filing a notice of removal when cases are removable as originally filed, to which the revival rule applies, has not been altered by the amendment. Consequently, the revival exception adopted by the courts in applying §1446(b),paragraph one, was not superseded or affected by the 1988 amendment.[5]

The remaining arguments of the Co-plaintiffs are meritless and lacking in seriousness. They argue that the case was not properly removed because (1) the additional claims set forth in the amended complaint "are nothing more than cross-claims between GSE and Heublein, both defendants in the Original Complaint"; (2) "this court should limit [the revival of a removal right] exception to federal question cases consistent with . . . a congressional trend toward limiting removal of diversity cases"; (3) the Co-defendants did not "waive their right to removal" initially; and (4) the

---

[5]*Cf. Horton v. Liberty Mutual Ins. Co*, 367 U.S. 348. In *Horton*, the Supreme Court considered whether Congress' stated reasons for amending a removal statute could be used by the Court to reach beyond the explicit limitation of the amendment to support a jurisprudential curtailment of federal courts' power to entertain other types of suits. The Court held that it would not infer a greater limitation than that expressed by the clear language of the amendment, reasoning that Congress "very easily" could have effected a broader change in the law by simply stating it in the amendment. *Id.* at 352. "[The Court] refused to assume that Congress intended anything more than it had stated in unambiguous terms." *Northbrook Nat'l. Ins. Co. v. Brewer*, 493 U.S. 6, 12 (1989) (discussing the Court's decision in *Horton*). *See also Northbrook*, 493 U.S. at 12-13.

amended complaint did not add new federal question claims.

There are no cross-claims in this case. GSE and Walker did not file their construction contract claims against Heublein while they were defendants. Assuming that they still have any interest in these claims which they assigned to the Johnsons, as co-plaintiffs they cannot now assert them as cross-claims because, "[c]learly, a cross-claim may not be asserted against a party on the opposite side of the action." *See* 6 WRIGHT, MILLER, & KANE, FEDERAL PRACTICE AND PROCEDURE § 1431 at 235, n. 17 (2d ed. 1990).

This panel cannot reshape the revival exception according to perceived "congressional trends." We are bound by laws actually enacted and the prior precedents of the Supreme Court and this Circuit.

The Co-defendants waived their right to remove the case under the original complaint by (1) failing to file a notice of removal within thirty days of service of the initial complaint, and (2) filing both motions to dismiss and a motion for summary judgment in the state court proceeding prior to the filing of the amended complaint by the Co-plaintiffs, thus invoking the jurisdiction of the state court in resolving the issues presented by the original complaint. *See Buchner v. Federal Deposit Ins. Corp.*, 981 F.2d 816, 818 (5th Cir. 1993); *McKnight v. Illinois Central R.R.*, 967 F.Supp. 182, 186 (E.D. La. 1997); 16 JAMES WM. MOORE, MOORE'S FEDERAL PRACTICE §§ 107.18[2]; 107.41[c][ii][B] (3d ed. 1997).

No court has ever suggested that the addition of a federal question claim is a prerequisite to the availability of the revival of removal right exception.

## V.

For the reasons assigned, we AFFIRM the decision of the district court denying the Co-plaintiff's motion to remand the present case to Mississippi state court.