Terence DUNN, et al., Plaintiffs,

v.

GAIAM, INC., et al., Defendants.

No. CV01–06582ABCVBKX.

United States District Court, C.D. California.

Sept. 7, 2001.

William Ford, Richard Osborn, George Kim, The Ford Law Firm, Los Angeles, CA, for plaintiffs.

Glenn Lerman, Karen Pointer, Lerman & Pointer, Bert Deixler, Bernard Barmann, Jr., Proskauer, Rose, Los Angeles, CA, for defendants.

## ORDER OF REMAND TO STATE COURT

COLLINS, District Judge.

In the seven months or so since it was initially filed, this case involving the alleged production and licensure of videotapes featuring Chinese martial and healing arts, including T'ai Chi and Chi Kung, has had a rocky procedural history. The parties stipulated once already to a remand, on the basis of Defendants' admittedly untimely removal to federal court. Following Plaintiffs' amendment of its complaint in state court, Defendants removed again. In response, Plaintiffs filed the instant Motion to Remand and Request for Sanctions. Defendants have opposed, and make their own request for sanctions as well. On September 5, 2001, the Court took the motion under submission, and vacated the hearing set for September 10, 2001. The Court now GRANTS the request for remand, and ORDERS this case REMANDED to state court. However, the Court hereby DENIES both parties' requests for sanctions.

### I. BACKGROUND

This case began on February 2, 2001, when Plaintiffs TERENCE DUNN ("Dunn") and INTERARTS PRODUCTIONS, INC. ("Interarts") (collectively, "Plaintiffs") filed the initial Complaint in this case in Los Angeles County Superior Court. The original Complaint named Defendants GAIAM, INC. ("Gaiam"), GAIAM HOLDINGS, INC. ("Gaiam Holdings"), STEVEN P. AND ELIZABETH A. ADAMS HOLDINGS, INC. ("Adams Holdings"), HEALING ARTS PUBLISHING, LLC ("Healing Arts"), STEVEN P. ADAMS ("Adams"), ANDREA LESKY ("Lesky"), DAVID DORIAN ROSS ("Ross"), and TED LANDON ("Landon") (collectively, "Defendants"). On the basis of allegations pertaining to alleged licensing agreement(s) between Plaintiffs and Defendants related to T'ai Chi videotapes prepared by Dunn and, *inter alia*, the subsequent production by Defendants of competing videotapes also on the subject of T'ai Chi, Plaintiffs asserted five causes

of action: (1) breach of contract; (2) breach of the implied covenant of good faith and fair dealing; (3) unfair business practices (pursuant to Cal.Bus. & Prof. Code § 17200 *et seq.*); (4) intentional interference with prospective economic advantage; and (5) false advertising (under Cal. Bus. & Prof.Code § 17500 *et seq.*). Plaintiffs sought damages (trebled under Cal. Bus. & Prof.Code § 17082), attorneys' fees and costs, disgorgement, and preliminary and permanent injunctive relief.

On March 7, 2001, Defendants Gaim, Gaiam Holdings, Healing Arts, and Lesky filed a Notice of Removal.[1] The removed case was assigned to the Honorable A. Howard Matz (CV 01–02145 AHM (AIJx)) here in the Central District. The alleged basis for removal was Defendants' claim that Plaintiffs' claims were completely preempted by copyright.

The removing Defendants had thought their removal timely based on a belief that they had not been served with the Summons and Complaint until February 5, 2001. They subsequently discovered, however, that a registered agent of Healing Arts had received service on February 2, 2001, rendering their removal admittedly untimely. Accordingly, on March 28, 2001, Plaintiffs and the removing Defendants submitted, and Judge Matz signed, a Stipulation and Order remanding the case back to state court on the basis of Defendants' admittedly untimely removal.

Subsequent to this remand, on July 27, 2001, Plaintiffs filed a First Amended Complaint ("FAC") in state court (Case No. BC244453, the case number assigned to the original Complaint) which, though based on what appear to be nearly identical basic allegations related to the production and licensure of Plaintiffs' videotapes, and the subsequent development of Defendants' allegedly competing tapes, increased the number of claims asserted from five to fifteen.[2] The fifteen claims include: (1) breach of contract; (2) declaratory relief; (3) inducing breach of contract; (4) breach of the implied covenant of good faith and fair dealing; (5) unfair business practices (pursuant to Cal.Bus. & Prof.Code § 17200 *et seq.*); (6) implied civil remedy for violation of California Business and Professions Code Section 17200 *et seq.;* (7) violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"); (8) unfair competition; (9) breach of fiduciary duty; (10) violation of the Uniform Trade Secrets Act; (11) resulting trust; (12) constructive trust; (13) accounting; (14) restitution/quasi-contract; and (15) for appointment of a temporary and permanent receiver.

As was true under the original Complaint, in the FAC Plaintiffs seek damages (both punitive/exemplary and compensatory), attorneys' fees and costs, disgorgement, and preliminary and permanent injunctive relief. Plaintiffs again seek trebling of their compensatory damages, though this time under RICO rather than under California statutes.

On the strength of this amended complaint, and specifically on the basis of the RICO claim newly asserted therein, on the same date they were allegedly served with the FAC, July 31, 2001, Defendants Gaiam, Gaiam Holdings, Gaiam Int'l, Healing Arts, Lesky, Ross, Landon, Brown, Pem-

---

1. Named Defendants Adams Holdings, Adams, and Ross had allegedly not yet been served, and so did not join in the Notice of Removal.

2. The FAC also substitutes five new named Defendants for what had previously been

Does 1 to 5: GAIAM INTERNATIONAL ("Gaiam Int'l"), LYNN POWERS ("Powers"), WILLIAM BROWN ("Brown"), FIROZ JIMAL ("Jimal"), and JANE PEMBERTON ("Pemberton"). These names are not in the FAC caption.

berton, Jimal, and Powers filed another Notice of Removal.[3] This second case, once removed, was assigned to this Court.

On August 1, 2001, noting the presence of a RICO claim in the FAC, and Defendants' removal based thereon, the Court issued an Order Re: RICO Case Statement to Plaintiffs requiring specific elucidation of the grounds for Plaintiffs' RICO claim. The Order set a deadline of August 21, 2001 for Plaintiffs to file a RICO Case Statement which, if filed, would be integrated into the FAC. The Order also specified that if no RICO Case Statement were filed by that date, this failure would be deemed Plaintiffs' withdrawal of the RICO claim, which would in turn result in a remand of the case back to state court.[4]

On August 15, 2001, Plaintiffs filed the instant Motion to Remand and Request for Sanctions (the "Motion"), arguing that Defendants had already waived the right to remove via their prior untimely removal. The Motion seeks $4,125.00 in fees occasioned by the improper removal. Unwilling to abandon their RICO claim, yet also reluctant to meet the requirements of the Order Re: RICO Case Statement on the expectation that such specific pleading requirements would not be set by the state court after the anticipated remand, on August 15, 2001 Plaintiffs also filed an *Ex Parte* Application seeking a continuance of the deadline to file the RICO Case Statement from August 21, 2001 to some date after the Court had either granted or denied the remand Motion. The Court denied this *Ex Parte* Application on August

17, 2001, leaving in place the previous August 21, 2001 deadline for the RICO case statement.

On August 17, 2001, Plaintiffs and Defendants submitted, and the Court signed, a Stipulation and Order extending the deadline for the Defendants to respond to the FAC to twenty (20) days after Plaintiffs file a RICO Case Statement, or twenty (20) days after the Court orders the case remanded to state court, whichever is later. On August 21, 2001, Plaintiffs filed their RICO Case Statement, in what appears to be at least minimal compliance with the requirements of the Order.

On August 27, 2001, all of the named Defendants filed a Joint Opposition to Plaintiffs' Motion to Remand (the "Opposition"). The Opposition includes Defendants' own request for an award in the amount of $2,062.50, to compensate for fees allegedly incurred in defense of what Defendants claim is a frivolous remand Motion. Defendants claim the Motion was filed notwithstanding their efforts to point out to Plaintiffs the existence of a "revival exception" to the bar posed by untimely removal, and its applicability to the facts of this case.

## II. DISCUSSION

The question raised by this Motion is a fairly simple one: is the right to removal, once waived by the admittedly untimely removal of an initially-filed Complaint asserted to contain claims which invoke the original jurisdiction of this Court (said re-

---

**3.** The Notice of Removal was not initially joined by the remaining named Defendants, Adams and Adams Holdings, though it indicated that counsel for those two Defendants had expressed an intent to join the removing Defendants' Notice of Removal. On August 24, 2001, Adams and Adams Holdings did file a Joinder in the removal, still within the 30-day period for proper removal provided by 28 U.S.C. § 1446(b). Thus, all named Defendants

have now joined the Notice of Removal, within the proper time period, rendering the second removal procedurally proper, at least on its face (without regard to the earlier untimely removal).

**4.** The Order noted that Plaintiffs could achieve the same result by simply voluntarily dismissing the RICO claim from the FAC.

moval being reversed by a stipulation of the parties as to its untimeliness), "revived" when the Plaintiffs file an FAC containing an additional claim which is also within the original jurisdiction of this Court (the RICO claim). As is explained below, this Court concludes that it is not. However, nor is this so clear a question that Defendants' removal to this Court was improvident or ill-considered. Therefore, Defendants are not required to pay Plaintiffs' fees incurred in seeking a remand of this case.[5]

■ Generally, a state civil action is removable to federal court only if it might have been brought originally in federal court. *See* 28 U.S.C. § 1441. On removal, the removing defendant bears the burden of proving the existence of jurisdictional facts. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.1992). There is also a " 'strong presumption' " against removal jurisdiction. *Id.* (citation omitted). Courts must "strictly construe the removal statute against removal jurisdiction," and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.*

■ Because untimeliness of removal is a procedural rather than a jurisdictional defect, the defect is waived where a plaintiff does not move for remand on that basis within thirty (30) days of the allegedly untimely removal. *See* 28 U.S.C. § 1447(c); *Maniar v. FDIC*, 979 F.2d 782,

784–85 (9th Cir.1992). Plaintiffs' Motion was timely filed.

■ In view of the strong presumption against removal jurisdiction, and the strict construction to which removal statutes are subjected, it is Defendants' burden to persuade the Court that the untimeliness of its original removal should be overlooked in deciding whether the current removal properly asserts jurisdiction in this Court. As a general matter, of course, the first paragraph of 28 U.S.C. § 1446(b) requires that a notice of removal must be filed within thirty days of receipt of the complaint, or else the served defendant(s) waive their right of removal.[6] *See Cantrell v. Great Republic Ins. Co.*, 873 F.2d 1249, 1256 (9th Cir.1989); *Goldberg v. CPC International, Inc.*, 495 F.Supp. 233, 236–37 (N.D.Cal.1980). Moreover, the mere addition of defendants to the initial pleading, or changes in the complaint which create a "new" basis for removal, generally do not "undo the waiver." *See Samura v. Kaiser Foundation Health Plan, Inc.*, 715 F.Supp. 970, 971–72 (N.D.Cal.1989). "If a case is removable from the outset, it must be removed within the initial thirty-day period specified by § 1446(b); subsequent events do not make it 'more removable' or 'again removable.' " *Samura*, 715 F.Supp. at 972 (citation omitted). Once the right to removal is waived, it is generally waived for all time (and for

---

5. It goes without saying that no award of fees against Plaintiffs will be forthcoming where their Motion to Remand has been successful.

6. The Court is not here concerned with the second paragraph of 28 U.S.C. § 1446(b), covering only complaints which, as initially filed and served, are not then removable to federal court. For such non-removable initial complaints, the 30–day period for removal (or waiver of the right to do so) commences with receipt of an *amended* complaint "from which it may first be ascertained that the case is one

which is or has become removable ..." 28 U.S.C. § 1446(b). In this case, as is evidenced by Defendants' initial (March 7, 2001) Notice of Removal, Defendants believed that the original Complaint filed February 2, 2001 was removable on its face. Accordingly, the 30–day period began with service of the initial Complaint. Defendants' joinder in a stipulated remand to state court was based on a concession that their removal of the initial Complaint was untimely, and waived their right to remove.

all defendants), regardless of subsequent changes in the case.

As Defendants point out, however, there is a narrow, judicially-created exception to this rule which holds that a right to removal may be "revived" (the so-called "revival exception") "where the plaintiff files an amended complaint that so changes the nature of [the] action as to constitute 'substantially a new suit begun that day.'" *Samura*, 715 F.Supp. at 972 (quoting *Wilson v. Intercollegiate (Big Ten) Conf. Athletic Assoc.*, 668 F.2d 962, 965 (7th Cir.1982)) (alteration in original); *see also Johnson v. Heublein Inc.*, 227 F.3d 236, 241–44 (5th Cir.2000) (affirming district court application of the "revival exception" to overcome defendants' waiver of the right to remove). Defendants argue that Plaintiffs' addition of the RICO claim to the FAC has so "fundamentally altered the nature of the case" (Opposition at 6) that their right to removal, admittedly squandered by way of their untimely removal of the initial Complaint, has been "revived."

This Court does not agree. First, given the strict construction which the Court must apply to the removal statutes, on procedural as well as substantive issues,[7] the wisdom of such a judicially-created exception might be questioned as an initial matter. There seem to be no reported cases in the Ninth Circuit of any court actually *applying* the "revival exception" to salvage an otherwise-waived statutory right of removal. Indeed, the *only* reported case, cited by Defendants or discovered in the Court's own research, which actually *relies on* this exception is *Johnson;* even *Wilson*, the case generally credited with its creation, found that it did not apply on the facts of that case.

Second, given the strict construction which the Court must give to the removal statutes, this "exception" must in any case be of an exceedingly narrow scope, to function exclusively as an "escape hatch" in those cases in which the facts identified in *Wilson* as being enough to overcome the dual policy interests served by the thirty day time limit are found: i.e., where "a plaintiff, seeking to mislead the defendant about the true nature of his suit and thereby dissuade him from removing it, included in his initial complaint filed in state court an inconsequential but removable federal count unlikely to induce removal and then, after the time for removal had passed without action by the defendant, amended the complaint to add the true and weighty federal grounds that he had been holding back." *Wilson*, 668 F.2d at 965. As the *Wilson* court noted, the amendments must "change the original complaint so drastically that the purposes of the 30–day limitation would not be served by enforcing it." *Id.* at 966.

Finally, the Court does not find that Plaintiffs' FAC fits either a narrow or a broad interpretation of the "substantially a new suit" test. The alignment of parties in the Complaint and the FAC is not substantially changed (indeed, with the exception of the five newly named Defendants, it is identical). And the case remains, at base, a contract action (based on the alleged licensing agreement(s)) which has been supplemented by various additional claims which intersect in various ways with the allegations underpinning the contract claim(s). Though Defendants may have been understandably surprised to see that a RICO claim was added to the FAC when Plaintiffs amended in the face of Defen-

---

**7.** *See, e.g., Prize Frize, Inc. v. Matrix (U.S.) Inc.,* 167 F.3d 1261, 1266 (9th Cir.1999) (reversing and remanding to district court a case which had gone all the way to judgment on a motion to dismiss, on the ground that removal by the defendants had been improper due to the "procedural defect" of non-joinder of all the named defendants).

dants' demurrers to those allegations which Defendants claimed were disguised copyright claims, this somewhat dubious claim does not so substantially alter the scope of the case as to render it "new."

The Court will not comment on the wisdom of the RICO claim, as the viability of this claim is now a matter for the state court(s) to decide.[8] However, the Court does not find that its addition changes the scope of Defendants' potential liability, the alignment of the parties, or the general gravamen of the complaint, so dramatically as to overlook Defendants' waiver (and stipulation thereto) of the right to remove the case. Accordingly, the Court finds Defendants' present removal improper, based on their prior waiver of the right to remove, and the lack of "revival" of that right. Therefore, the Court hereby GRANTS IN PART AND DENIES IN PART Plaintiffs' instant Motion.

■ The Motion is GRANTED insofar as it seeks remand back to state court. The Court ORDERS this case REMANDED to the state court under 28 U.S.C. § 1447(c). However, Defendants' improper removal does not warrant a fee award. Thus, the Motion is DENIED insofar as it seeks fees from Defendants. Defendants' request for fees is also DENIED.

### III. CONCLUSION

For the foregoing reasons, the Court GRANTS IN PART AND DENIES IN PART the Motion filed by Plaintiffs. The Court GRANTS the Motion to the extent it seeks remand, but DENIES Plaintiffs' request for fees. Also DENIED is Defendants' request for fees. The Court OR-

DERS this case REMANDED to the state court from which it was removed.

---

8. Under *Tafflin v. Levitt,* 493 U.S. 455, 464–67, 110 S.Ct. 792, 107 L.Ed.2d 887 (1990), the state courts are vested with concurrent jurisdiction over RICO claims.