**LOUISIANA FARM BUREAU CASUALTY INSURANCE COMPANY, et al**

v.

**MICHELIN TIRE CORPORATION.**

No. Civ.A. 02–29–A.

United States District Court, M.D. Louisiana.

April 24, 2002.

Glen Scott Love, Stephen Dale Cronin, Guglielmo, Marks, Schutte, Terhoeve & Love, Baton Rouge, LA, for plaintiffs.

D. Russell Holwadel, Stacy Renee Palowsky, Adams and Johnston, New Orleans, LA, for defendants.

### RULING ON MOTION TO REMAND

JOHN V. PARKER, District Judge.

This matter is before the court on a motion by plaintiffs, Louisiana Farm Bureau Casualty Insurance Company ("Farm Bureau") and Henry Lee Johnson, to remand (doc. 3). Defendant, Michelin North America, Inc., formerly Michelin Tire Corporation ("Michelin"), opposes the motion.

Removal jurisdiction is allegedly based upon complete diversity of citizenship, 28 U.S.C. § 1332. There is no need for oral argument.

Farm Bureau filed this civil action against Michelin in the 18th Judicial District Court for the Parish of West Baton Rouge, State of Louisiana, on July 7, 1994. The state court petition alleges that, as a liability insurer, Farm Bureau paid damages on behalf of its insured, Charles Gremillion, for injuries sustained by Henry Johnson as a result of a defect in a tire manufactured by Michelin. Farm Bureau alleges subrogation to any and all rights which Johnson has against Michelin, and seeks recovery for all future amounts which it may be called upon to pay on behalf of Johnson as a result of the alleged incident.

On December 11, 2001, Farm Bureau filed a First Supplemental and Amending Petition for Damages in the state court wherein Henry Johnson was added as a party plaintiff. On January 8, 2002, Michelin filed a notice of removal with this court.

Plaintiffs seek remand of this matter on the basis of untimely removal. Plaintiffs argue that the amended petition has not changed the allegations so substantially as to alter the character of the action and thus to constitute essentially a new lawsuit. Plaintiffs argue that the revival exception of 28 U.S.C. § 1446(b) should not apply in this case.

Michelin contends that the revival exception to the time limit for removal should apply in this case in that the assertion of claims by Johnson starts a new, more complex and substantial case against Michelin upon which no significant proceedings have been held. Michelin contends that the original petition in this matter specifically alleged that the claim by Johnson had been extinguished and denied the existence of a separate claim through

the allegation of subrogation. Michelin further maintains that the original petition alleged a finite amount of damages. Michelin argues that, by bringing this action, Johnson is alleging that Farm Bureau did not completely settle his claim in 1993, and therefore Farm Bureau has no right of subrogation against Michelin. Michelin maintains that the exercise of diversity jurisdiction over this matter will not impair the purposes behind the thirty day limitation on removal.

■ 28 U.S.C. § 1332 provides, in pertinent part:

The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—

(1) citizens of different States; ... [1]

The Supreme Court has instructed that federal courts are to construe the removal statute against removal and in favor of remand and that any doubts regarding the propriety of removal are resolved in favor of remand.[2] When a plaintiff challenges the propriety of a defendant's removal, the defendant carries the burden of showing the necessary facts to support the court's exercise of removal jurisdiction.[3]

According to the first paragraph of 28 U.S.C. § 1446(b), a case filed in state court that is initially removable may be removed if the notice of removal is filed within thirty days after defendant either receives a copy of the complaint or is served with summons, whichever period is shorter.[4] It is undisputed that the present case was initially removable [5] and that Michelin did not file a notice of removal within thirty days of receiving the initial complaint. Consequently Michelin lost the right to remove the case upon the expiration of that thirty-day period.

■ The revival exception to the thirty-day limitation provides that a lapsed right to remove an initially removable case within thirty days is restored when the complaint is amended so substantially as to alter the character of the action and constitute essentially a new lawsuit.[6] The court finds that the core of the lawsuit still arises from the alleged explosion of the Michelin tire and the injuries suffered by Johnson. The same factual situation will be presented at trial. The mere addition of Johnson as plaintiff does not in and of itself transform the character of the action. Construing the removal statute against removal and in favor of remand and resolving any doubts regarding the propriety of removal in favor of remand,[7] the court finds that the removal of this matter does not fall within the revival exception to the time limitation prescribed by law.

Accordingly, for the reasons assigned, the motion by plaintiffs, Louisiana Farm Bureau Casualty Insurance Company ("Farm Bureau") and Henry Lee Johnson, to remand (doc. 3), is hereby GRANTED and this matter is hereby REMANDED to

1. 28 U.S.C. § 1332(a).

2. *Shamrock Oil and Gas Corp. v. Sheets*, 313 U.S. 100, 107–109, 61 S.Ct. 868, 871–872, 85 L.Ed. 1214 (1941).

3. *See Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir.1993); *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir.1988); *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 56 S.Ct. 780, 785, 80 L.Ed. 1135 (1936).

4. 28 U.S.C. § 1446(b).

5. The original petition alleges that plaintiff has paid "to date" $56,026.77 which exceeded the jurisdictional amount in 1994. The amount in controversy requirement for diversity jurisdiction was increased in 1996 from $50,000 to the present figure of $75,000.

6. *Johnson v. Heublein Inc.*, 227 F.3d 236 (5th Cir.2000).

7. See n. 2.

the 18th Judicial District Court, Parish of West Baton Rouge, State of Louisiana.

Because of the lack of subject matter jurisdiction, the court takes no action upon the pending motion for summary judgment (doc. 5).