Toni BAYCH, Plaintiff,

v.

Herrick DOUGLASS, Inc., Daher Acquisitions, Inc., R. Charles Herrick and William Douglass, Defendants.

No. 4:02–CV–188.

United States District Court,
E.D. Texas,
Sherman Division.

Aug. 27, 2002.

Thomas Foster Lillard, Alicia Sienne Voltmer, Hunton & Williams, Dallas, TX, for Plaintiff.

Jimmy Derek Braziel, Edwards & George, LLP, Jerry Lee Ewing, Jr., Gregory Richardson Ave, Touchstone, Bernays, Johnston, Beall & Smith, Dallas, TX, R. Charles Herrick, Issaquah, WA, pro se, William E. Douglass, Kirkland, WA, pro se, for Defendants.

## MEMORANDUM OPINION AND ORDER

DAVIS, District Judge.

Plaintiff has filed a Motion to Remand this cause to state court. The court grants Plaintiff's Motion to Remand.

## BACKGROUND

On September 24, 2001, Plaintiff Toni Baych ("Baych") filed her Original Petition in the 219th Judicial District of Collin County, Texas, for breach of contract, ERISA violations, and conversion against her former employer, Herrick Douglass, Inc. ("HDI"). HDI was served with Plaintiff's Petition on October 2, 2001. Service was perfected via Certified United States Mail, delivered to Corporation Service, its Registered Agent. HDI failed to answer Plaintiff's Original Petition, but no default judgment was taken against HDI. On May 3, 2002, Plaintiff filed her First Amended Original Petition adding as Defendants Daher Acquisitions, Inc. ("DAI"), R. Charles Herrick ("Herrick"), and William Douglass ("Douglass"). Plaintiff alleged violations of the Uniform Fraudulent Transfer Act, civil conspiracy, and fraud, in addition to her original claims. DAI, Herrick, and Douglass were properly served on May 29, 2002, May 28, 2002, and May 29, 2002, respectively. On June 14, 2002, HDI, Herrick, and Douglass answered Plaintiff's Amended Petition. On June 24, 2002, DAI filed its Special Appearance to present its Motion Objecting to Jurisdiction and thereafter filed its Notice of Removal on June 27, 2002. HDI, Herrick, and Douglass consented to removal. Plaintiff filed her Motion to Remand on July 25, 2002.

Plaintiff contends that removal was untimely pursuant to 28 U.S.C. § 1446(b) and does not merit the equitable revival exception of 28 U.S.C. § 1446(b). Defendants, on the other hand, aver that the case was timely removed, or alternatively, if the case was not timely removed, the case was properly removed according to the revival exception and that this court has jurisdiction over the controversy.

## FIRST SERVED DEFENDANT RULE

The rule in the Fifth Circuit is that in cases involving multiple defendants, the 30-day period of 1446(b) begins to run immediately after the first defendant is served. If the first served defendant does not effect a timely removal, subsequently served defendants cannot remove. *Getty Oil v. Insurance Co. of North America*, 841 F.2d 1254, 1262–63 (5th Cir.1988); *see also Brown v. Demco, Inc.*, 792 F.2d 478, 481 (5th Cir.1986). The purpose of this rule is to promote unanimity among the defendants and is consistent with the trend towards limiting removal jurisdiction and with the principle that removal statutes are to be strictly construed. *Getty Oil*, 841 F.2d at 1263 and n. 13.[1] When a party makes a timely motion to remand asserting a procedural defect, remand is required. *Thompson v. Louisville Ladder Corp.*, 835 F.Supp. 336, 339–40 (E.D.Tex. 1993).

---

1. The court notes that at least three circuits have disagreed with this rule. *See Marano Enterprises of Kansas v. Z–Teca Restaurants, L.P.*, 254 F.3d 753, 757 (8th Cir.2001); *Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 532 (6th Cir.1999); *McKinney v. Board of Trustees of Mayland Community College*, 955 F.2d 924, 928 (4th Cir.1992).

The record in this case shows that DAI filed its Notice of Removal almost nine months after HDI was served. Accordingly, under the rule expressed in *Getty Oil,* this case must be remanded because the first served defendant did not remove within 30 days of being served with process.

Defendants contend that in *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 347–48, 119 S.Ct. 1322, 143 L.Ed.2d 448 (1999), the United States Supreme Court impliedly overruled cases like *Getty Oil* which have held that the first served defendant is required to remove the case within 30 days of receipt of process. In *Murphy Bros,* the issue was "whether the named defendant must be officially summoned to appear in the action before the time to remove begins to run. Or, may the 30–day period start earlier, on the named defendant's receipt, before service of official process, of a 'courtesy copy' of the filed complaint faxed by counsel for the plaintiff?" *Id.* at 347, 119 S.Ct. 1322. The Supreme Court held that a named defendant's time to remove "is triggered by simultaneous service of summons and complaint, or receipt of the complaint 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service." *Id.* at 348, 119 S.Ct. 1322. Defendants contend that in *Murphy Bros's,* the Supreme Court acknowledged the inherent unfairness of attempting to impose a duty to notice removal on a party which has not yet been served. Defendants do not cite a Fifth Circuit case, and this court has been unable to locate any, which has addressed the issue of *Murphy Bros.'s* effect on cases like *Getty Oil.* Further, *Murphy Bros.* did not address or even mention the first served defendant rule. Thus, this court declines to extend its reasoning to overrule the well established Fifth Circuit precedent of *Getty Oil.*

In *Brown v. Demco, Inc.,* 792 F.2d 478, 482 (5th Cir.1986), the Fifth Circuit determined that a subsequent defendant may remove a state civil suit after the thirty days have expired in "exceptional circumstances," but never specifically addressed what constitutes "exceptional circumstances." However, district courts have seldom found exceptional circumstances to overcome *Getty Oil. See Prescott v. Memorial Med. Ctr.-Livingston,* 2000 WL 532035, at *5 & n. 7 (E.D.Tex. Mar.25, 2000) (citing cases) (remanding case to state court on the grounds that removal was not timely). Those few district courts that have found exceptional circumstances involved instances of lost files, bad faith, and forum manipulation. *See id.* at *5 & n. 8 (citing cases). There is no evidence in the record before the court that Plaintiff attempted to manipulate the forum or delayed suing DAI, Herrick, and Douglass in bad faith. Accordingly, the court finds no "exceptional circumstances" in this case.

## THE REVIVAL EXCEPTION

Defendants also claim that the revival exception of 28 U.S.C. § 1446(b) is applicable in this case. The Fifth Circuit acknowledged the exception in *Cliett v. Scott,* 233 F.2d 269, 271 (5th Cir.1956), holding that "[a]lthough a defendant has submitted himself to state court jurisdiction on one cause of action, this does not prevent his removing the cause when an entirely new and different cause of action is filed [in the same case]." In *Johnson v. Heublein, Inc.,* 227 F.3d 236, 241–42 (5th Cir.2000), the court stated that "a lapsed right to remove an initially removable case within 30 days is restored when the complaint is amended so substantially as to alter the character of the action and con-

stitute essentially a new lawsuit." The Fifth Circuit has not elaborated further on when an amended complaint so substantially alters the character of an action that it constitutes "essentially a new lawsuit." However, district courts have held that as long as the lawsuit remains essentially the same and the identical factual situation will be presented at trial, amending the complaint does not, in and of itself, alter the character of the action. *Louisiana Farm Bureau Cas. Ins. Co. v. Michelin Tire Corp.*, 207 F.Supp.2d 524, 526 (M.D.La. 2002); *Turner v. Mine Safety Appliances Company*, 2001 WL 456351, at *3 (E.D.La. April 27, 2001).

Here, the amendments to the original petition did not alter the character of the action. Although DAI, Herrick, and Douglass were added as defendants, and new claims for fraud, civil conspiracy, and violations of the Uniform Transfers Act were added in the amended petition, the core of the lawsuit still arises from an alleged breach of Baych's employment contract. *Cf. Johnson*, 227 F.3d at 242 (new and more complex allegations in amended complaint bore "no resemblance whatsoever" to allegations in original complaint and the original parties were realigned in a completely different manner). The mere addition of DAI, Herrick, and Douglass does not in and of itself transform the character of the action. The same factual situation will be presented at trial. Construing the removal statute against removal and in favor of remand and resolving any doubts regarding the propriety of removal in favor of remand,[2] the Court finds that removal of this case does not fall within the revival exception of 28 U.S.C. § 1446(b).

## CONCLUSION

For the forgoing reasons, Plaintiff's Motion to Remand is **GRANTED**. This case is **REMANDED** to the 219th Judicial District of Collin County, Texas.[3] The clerk shall mail a certified copy of this order to the district clerk of Collin County, Texas.

---

2. *Shamrock Oil and Gas Corp. v. Sheets*, 313 U.S. 100, 107–109, 61 S.Ct. 868, 871–72, 85 L.Ed. 1214 (1941).

3. The Plaintiff's request for attorney fees is denied since the Defendants' removal was based on good faith and there is some legal authority supporting Defendants' position. *Prescott*, 2000 WL 532035, at *6.